FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

2006 AUG -1  AM 11: 49

CLERK
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| PRONATIONAL INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. |
| ) | |
| MARK S. WEINBERGER, M.D., ) | |
| MARK S. WEINBERGER, M.D., P.C, ) | **4:06CV0117AS** |
| THE NOSE AND SINUS CENTER, LLC, ) | |
| THE MERRILLVILLE CENTER FOR ) | |
| ADVANCED SURGERY, LLC, SUBSPECIALTY ) | |
| CENTERS OF AMERICA, LLC, ) | |
| AMY HELLMAN f/k/a AMY VERHOEVE, ) | |
| STEVEN ALLEN, DANIEL ALLISON, ) | |
| REBECCA ALLISON, LISA AMATO, WANDA ) | |
| ANTHONY, LUDWIK ARTEMIUK, MARK ) | |
| ASHMANN, SUSAN BAKOTA, TIM BALL, ) | |
| LIZA BANEGAS, COURTNEY BARGFELDT, ) | |
| GLENDA BARKOWSKI, CHRIS BARNES, ) | |
| MITCH BASHAM, DONNA BAXTER, ) | |
| DARREN BELFORD, PATRICK BERRYMAN, ) | |
| NICHOLAS BODINET, POLLY BODINET, ) | |
| RONALD BORCHERT, SUSAN BOWRON, ) | |
| WILLIAM BOYER, DAVID BROUILLETTE, ) | |
| JENNIFER BROUILLETTE, ) | |
| GARY BROWNLEE, JANICE BRYAN, ) | |
| ARTHUR BRYANT, CONNIE CARLSON, ) | |
| LORA CARROLL, RONNIE CHALOS, ) | |
| JOEL CLARK, REGAN COLGLAZIER, ) | |
| LUIS COLON, GERAINE COMER, ) | |
| JOHN COSGROVE, ANNA COTTRELL, ) | |
| JEFF CRAVENS, ROBERT CROWEL, ) | |
| GREG CVITKOVICH, ELIZABETH DAHM, ) | |
| LORA DANIELS, LARRY DAVIS, ) | |
| LISA DAVIS, DENISE DELORME, ) | |
| BONNIE DEVRIES, GAYLE DIAZ, ) | |
| TONY DIAZ, RODNEY DOBBINS, ) | |
| STEVE DONNOWITZ, BETTY DRAKE, ) | |
| PATRICIA DULEY, ROBERT DURALL, ) | |
| TRACY DUSARD, TRACI DVORSCAK, ) | |
| EUGENE EENIGENBURG, NICOLE ELENZ, ) | |
| GARY ELLIOTT, DOROTHY FAIRCHILD, ) | |

1

LISA FAULKNER, DEANA FEHRMAN,            )
DANIEL FEMIAK, DOROTHY FEMIAK,           )
CARY FENGYA, ROBERT FIALKOWSKI,          )
MICHAEL FISCH, CAROLYN FLORES,           )
STEPHANIE FREDERICK, KAREN               )
FRIEDMAN, BOBBIE FRYE, LORI FUENTES,     )
BRUCE FUNKEY, COLLETTE GALVAN,           )
MARITZA GARCIA, SCOTT GARMANY,           )
GLORIA GILL, MARILYN GIORDANO,           )
KEVIN GUINTA, YVONNE GLADKOWSKI,         )
SHARON GODBY, TIMOTHY GOHEEN,            )
CHRISTINA GOMEZ, MARK GONZALES,          )
DONNA GOOTEE, CHRISTINE GOUWENS,         )
BRITTANY GRANTHAM, JACQUELINE            )
GRANTHAM, VICKI GRANTHAM, TOM            )
GRASHA, DENISE GREENLEE, MARY LYN        )
GRICUS, JOHN GUE, KEITH HACK, SANDY      )
HAHN, ROBERT HALL, TIMOTHY HALL,         )
ASHLEY HART, WILLIAM HAYDEN,             )
MICHAEL HAZEN, LAURA HEINRICHS,          )
DENISE HERKEY, TONY HERNANDEZ,           )
DELBERT HERSCHBERGER, ROBERT HILL,       )
KATHY HIOTT, RYLIE HOFFMAN, GARY         )
HOWARD, MARK ISLEY, SCOTT IVERSON,       )
CHRISTOPHER JASKULA, JOHN JASKULA,       )
MARY JASKULA, JOHN KYLE JENKINS,         )
RONALD JENSEN, WALTER JESSEN,            )
RICHARD JOHNSON, DERRICK JONES,          )
MICHAEL JONES, RICHARD JONES,            )
RUTH JONKMAN, MARIE JUAREZ,              )
WANDA KAMEDULA, DIMITRIOS                )
KARATAGLIDIS, LETTY KASCH, COLLEEN       )
KASPEREK, PAUL KEATON, MICHEL KECK,      )
PENNY KERR, JENNIFER KHATCHATRAIN,       )
LISA KLUTH, MARK KRAUSE,                 )
ALEKSANDAR KRSTEVSKI, JENNIFER           )
KUCIK, ROMMY KUEHLER, JEFF KUIPER,       )
KEVIN LACH, PHILLIP LAKICH, SANDRA       )
LASHBROOK, JANET LATTA, MATTHEW          )
LEHMAN, ROBERTA LELO, BRIGETTE           )
LENON, AVA LEROSE, LORRAINE LEYBA,       )
TROYANNE LIBASSE, MINAS LITOS,           )
STASIA LITOS, JACQUELINE LOWREY,         )
PATRICIA LUCASSEN, TERRENCE              )
LUCHENE, MARCUS LYONS, NICOLE            )
MACHURA, PAM MARLEY, MARILYN             )

2

MARSZALEK-DRAKE, ELIZABETH MARTIN, )
MARJORIE MARTIN, GINA MATURY, )
JOSEPH MCALLISTER, DONNA )
MCCLENDON, JEFFREY MCCLENDON, )
CATHERINE MCGUCKIN, GARY MICHALIK, )
ELIZABETH MICHEL, JANE MINDAS, )
CORA MOAKE, YOLANDA MONLEY, )
AMBER MOORE, BOBBY MOORE, JOHN )
MOORE, LERLENE MOORE, MICHELLE )
MOORE, SEAN MOORE, RAY MORALES, )
TAMI NAPIWOCKI, DANIEL NAUGHTON, )
DONNA NEGRELLI, JENNIFER NICKERSON, )
JOHN NOSICH, ROBERT NOWATZKE, )
VENITA NOWATZKE, AUSTIN NUNN, )
VALERIE OPPERMAN, STEPHANIE )
OSLIZLO, RAUL OTANO, SUSAN OWENS, )
CORRIN PACIFIC, AMY PANOZZO, )
WILLIAM PATTERSON, JESSICA PAVEY, )
DAMIAN PERKINS, BARBARA PETTINEO, )
VICKI PLUARD, LUANA POLLEY, STEVEN )
POLLEY, LYNDSAY PONDA, KENNETH )
POTTS, ANDRE POWELL, ORLANDO )
POWELL, HAROLD POWERS, JEANNE )
POWERS, JASON PRICE, MICHAEL PRICE, )
ROBERTA PRICE, MICHAEL PUSKAR, )
BRITTANY RADASZEWSKI, CAMERON )
RADASZEWSKI, ANNETTE RAMOS-ERKAN, )
JAMES RASTOVSKY, ANTHONY RATAJEC, )
ROBERT RES, MELISSA RETTIG, AMANDA )
RIGGS, JEFFREY RIGGS, JOSE RIVERA, )
KIMBERLY RIVERA, RAEANN RODRIGUEZ, )
JON ROMANOVICH, BRANDON ROTH, )
EDWARD ROZEK, ROBERT RUSINIAK, )
SHELLY RUTHKAY, BOJANA SANCANIN, )
SANDRA SCHENHER, KEVIN SCHLUTT, )
ERIC SCHMIDT, LEISA SCHWARTZ, SYLVIA )
SHANNON, DENNIS SHAWVER, LINDA )
SHAWVER, CHRIS SHROPSHIRE, GARRY )
SICKLES, LASHON SIMS, DERRICK SIX, )
MARY SKAGGS-KNOP, THERESA SKURKA, )
RUBY SLATHAR, ANNA SMOLEK, )
BARBARA SMOLINSKI, BRET SMOLINSKI, )
TODD SMOLINSKI, DARLENE SOLTIS, )
LAURA SOPKO, NINA SORIA, ALEX )
SPANGLER, STEPHANIE SPANGLER, JAMES )
SPENCER, LORI ST. CLAIR, WILLIAM )

3

STAHL, DEJAN STANOJKOV, JAMES )
STEWART, JR., WILLIE STEWART, NATHAN )
STOMBAUGH, REBECCA STONE, DEBORAH )
STUDER, RICHARD SWANSON, MICHAEL )
SWARTS, TODD TAYLOR, ROBERT )
TEPPERMAN, FOLAYAN THOMAS, BILL )
TOBIAS, MOLLY TOBIAS, CLAUDIA )
TREVINO, PATRICK TRITSCHLER, MARY )
TUROCI, ROBERT UTTER, GRACE VELIZ, )
PATRICIA VREHAS, CHERYL WALKER, )
LENDELL WALKER, RAYMOND WALTON, )
HEIDI WARREN, JOSEPH WARRICK, )
CHERYL WATKINS-MCCLELLAN, DEIDRE )
WELFORD, PHILIP WENCL, ROBERT )
WHITE, RICHARD WHITEHEAD, DENNIS )
WILKENING, CHRISTIANE WILLIAMS, )
MARZETTA WILLIAMS, TIFFANY )
WISOWATY, JANE WITKOWSKI, MARY )
WITKOWSKI, IBRAHIM YOLDASH, JAMES )
YOUNG, NICSA ZAMORA, ROBERT )
ZEMBURSKI, KAYLA THOMAS, a Minor, by )
OLLIE T. and VALERIE THOMAS as parents and )
Natural Guardians of KAYLA THOMAS, )
STEPHANIE BOCHENEK, JAMES BOOKER, )
TIMOTHY CAHILLANE, MICHELLE )
CARUGATI, MICHAEL COX, CARLOS )
DELEMUS, CHRISTINA DICK, GLADYS )
DONOHUE, ANDREW DRAGASH, SHIRLEY )
FRAZIER, JAMES GILDON, IRA GLOVER, )
LAURA GOLEMBIESKI, RANDALL GRIFFITH, )
MICHAEL GUTTMAN, MICHAEL HEDGES, )
JIMMIE HOLLIES, DAWN IANNACONE, )
MELISSA JEDYNAK, NIKKISHA JOSHUA, )
DEBRA KORPAK, TERESA LAKE, TEENA LEE,)
PILAR LIS, PATRICIA McLAUGHLIN, )
BARBARA MILLS, CATHY MSHAR, BILLY )
NEELEY, BRANDON NEVAREZ, a Minor, by )
ROBERT NEVAREZ as parent and natural guardian)
of BRANDON NEVAREZ, SARAH PARDUHN, )
CHRISTINA PARIS, CHRISTINE POBY, )
MELANIE ROGERS, CHRISTOPHER SMULSKI,)
BONITA SMULSKI, KRISTIN SMULSKI, a )
minor, by CHRISTOPHER and BONITA )
SMULSKI as parents and natural guardians of )
KRISTIN SMULSKI, LARRY THOMAS, SR., )
RONI WATT, RICHARD WELLS, JAYSON )

4

WENZEL, ALICE WHITE, FLOYD WRIGHT,    )
a minor, by LIEU CUTTINO as mother and natural )
guardian of FLOYD WRIGHT, DAVID ZWIER,    )
BEVERLY AMBROZIAK, RONALD W. BABE,    )
JAMES BAKER, SR., ROBERT BEDWELL,    )
JOHN EARP, KAITLIN FLEMING, SHANNON    )
FLEMING, MICHAEL GOODFELLOW,    )
JACQUELINE GRANTHAM, THOMAS    )
HOCHBAUM, JOE W. HOLLEY, FRANK JASIN, )
NORMA MARTINEZ, VALERIE McMULLAN,    )
ERIC MLODECKI, ROSEMARIE NEELY,    )
DEBRA F. OLIVER, DEBORAH ONIKA-    )
BRAZYS, LINDSEY ONIKA-BRAZYS,    )
ANTHONY PERRY, SHIRLEY SNAWDER,    )
DONALD TIMM, KATHLEEN TOURVILLE,    )
RONALD WILDE and INDIANA PATIENT'S    )
COMPENSATION FUND,    )
    )
    )
                                  Defendants.    )

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, ProNational Insurance Company ("ProNational"), by counsel, pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 *et seq.*, for its Complaint for Declaratory Judgment against the Defendants, states the following:

### Summary of Claims

1.    In or about September of 2004, Dr. Mark S. Weinberger, a formerly prominent, successful physician residing in Chicago, Illinois and practicing in northwest Indiana, fled the country and purposefully disappeared. Dr. Weinberger fled and "disappeared" for the purpose of evading potential liability in connection with literally hundreds of medical malpractice and other lawsuits and claims filed by his former patients, alleging negligent medical care and other wrongdoing against him and various entities of which he is the sole principal and owner. Dr. Weinberger's voluntary, purposeful disappearance (i.e., his intentional failure to cooperate in any manner with the defense of the multitude of lawsuits and claims) has significantly prejudiced the

5

defense of those claims – most recently resulting in a crippling court order prohibiting Dr. Weinberger or his entities from presenting sworn testimony in their defense.

2. At various times relevant herein, Dr. Weinberger and his entities were parties to several professional liability insurance policies with ProNational, providing for various coverage periods on claims-made and/or occurrence bases. Each and every relevant insurance policy expressly provides that if Dr. Weinberger or the other named insureds (i.e., the entities) fail to cooperate with the defense of a claim, ProNational may deny insurance coverage.

3. Dr. Weinberger's actions herein – i.e., his intentional disappearance for the purpose of evading liability on the multitude of lawsuits and claims, his continued disregard of the litigation process, his refusal to participate in any manner in the defense of the various claims against him or his various entities, and the resulting manifest prejudice to ProNational in connection with the defense of those matters – constitute material breaches of the insurance policies, warranting a complete denial of coverage by ProNational.

4. For these reasons, as well as those described in more detail below, this Court should enter an Order declaring (1) that Dr. Weinberger and his various entities have failed and refused to assist and/or cooperate with the defense of the claims identified herein, (2) that Dr. Weinberger's failure to assist and cooperate in the defense of the claims (which is imputed to his various entities) constitutes a material breach of the contracts of insurance between Dr. Weinberger and his various entities and ProNational, (3) that ProNational has been prejudiced by Dr. Weinberger's failure and refusal to cooperate with his defense or that of his various entities, (4) that ProNational is under no obligation to defend the various claims, and (5) that ProNational is under no obligation to pay any judgments, damages, costs or expenses which are associated with or arise out of the various claims against Dr. Weinberger and/or his various entities.

6

## PARTIES

5.     ProNational is an insurance company incorporated in the State of Michigan and authorized to do business in the State of Indiana. ProNational has its principal place of business in Alabama.

6.     Defendant Mark S. Weinberger, M.D. ("Weinberger") is an individual who, upon information and belief, most recently resided in Chicago, Cook County, Illinois. Weinberger's current residence is unknown, because he purposefully disappeared in or about September 2004.

7.     Upon information and belief, Defendants Mark Weinberger, M.D., P.C., The Merrillville Center for Advanced Surgery, LLC, The Nose and Sinus Center, LLC, and Subspecialty Centers of America, LLC (collectively, the "Entity Defendants") are or at all times relevant herein were legal entities organized and existing under the laws of the State of Indiana, with their principal place(s) of business located in Merrillville, Lake County, Indiana. Upon information and belief, Weinberger is the sole principal and/or owner of each of the Entity Defendants. Weinberger and the Entity Defendants are collectively referred to herein as the "Weinberger Defendants."

8.     Upon information and belief, Defendants Amy Hellman n/k/a Amy Verhoeve, Steven Allen, Daniel Allison, Rebecca Allison, Lisa Amato, Wanda Anthony, Ludwik Artemiuk, Mark Ashmann, Susan Bakota, Tim Ball, Liza Banegas, Courtney Bargfeldt, Glenda Barkowski, Chris Barnes, Mitch Basham, Donna Baxter, Darren Belford, Patrick Berryman, Nicholas Bodinet, Polly Bodinet, Ronald Borchert, Susan Bowron, William Boyer, David Brouillette, Jennifer Brouillette, Gary Brownlee, Janice Bryan, Arthur Bryant, Connie Carlson, Lora Carroll, Ronnie Chalos, Joel Clark, Regan Colglazier, Luis Colon, Geraine Comer, John Cosgrove, Anna Cottrell, Jeff Cravens, Robert Crowel, Greg Cvitkovich, Elizabeth Dahm, Lora Daniels, Larry

7

Davis, Lisa Davis, Denise Delorme, Bonnie DeVries, Gayle Diaz, Tony Diaz, Rodney Dobbins, Steve Donnowitz, Betty Drake, Patricia Duley, Robert Durall, Tracy Dusard, Traci Dvorscak, Eugene Eenigenburg, Nicole Elenz, Gary Elliott, Dorothy Fairchild, Lisa Faulkner, Deana Fehrman, Daniel Femiak, Dorothy Femiak, Cary Fengya, Robert Fialkowski, Michael Fisch, Carolyn Flores, Stephanie Frederick, Karen Friedman, Bobbie Frye, Lori Fuentes, Bruce Funkey, Collette Galvan, Maritza Garcia, Scott Garmany, Gloria Gill, Marilyn Giordano, Kevin Guinta, Yvonne Gladkowski, Sharon Godby, Timothy Goheen, Christina Gomez, Mark Gonzales, Donna Gootee, Christine Gouwens, Brittany Grantham, Jacqueline Grantham, Vicki Grantham, Tom Grasha, Denise Greenlee, Mary Lyn Gricus, John Gue, Keith Hack, Sandy Hahn, Robert Hall, Timothy Hall, Ashley Hart, William Hayden, Michael Hazen, Laura Heinrichs, Denise Herkey, Tony Hernandez, Delbert Herschberger, Robert Hill, Kathy Hiott, Rylie Hoffman, Gary Howard, Mark Isley, Scott Iverson, Christopher Jaskula, John Jaskula, Mary Jaskula, John Kyle Jenkins, Ronald Jensen, Walter Jessen, Richard Johnson, Derrick Jones, Michael Jones, Richard Jones, Ruth Jonkman, Marie Juarez, Wanda Kamedula, Dimitrios Karataglidis, Letty Kasch, Colleen Kasperek, Paul Keaton, Michel Keck, Penny Kerr, Jennifer Khatchatrain, Lisa Kluth, Mark Krause, Aleksandar Krstevski, Jennifer Kucik, Rommy Kuehler, Jeff Kuiper, Kevin Lach, Phillip Lakich, Sandra Lashbrook, Janet Latta, Matthew Lehman, Roberta Lelo, Brigette Lenon, Ava LeRose, Lorraine Leyba, Troyanne Libasse, Minas Litos, Stasia Litos, Jacqueline Lowrey, Patricia Lucassen, Terrence Luchene, Marcus Lyons, Nicole Machura, Pam Marley, Marilyn Marszalek-Drake, Elizabeth Martin, Marjorie Martin, Gina Matury, Joseph McAllister, Donna McClendon, Jeffrey McClendon, Catherine McGuckin, Gary Michalik, Elizabeth Michel, Jane Mindas, Cora Moake, Yolanda Monley, Amber Moore, Bobby Moore, John Moore, Lerlene Moore, Michelle Moore, Sean Moore, Ray Morales, Tami Napiwocki, Daniel Naughton, Donna

8

Negrelli, Jennifer Nickerson, John Nosich, Robert Nowatzke, Venita Nowatzke, Austin Nunn, Valerie Opperman, Stephanie Oslizlo, Raul Otano, Susan Owens, Corrin Pacific, Amy Panozzo, William Patterson, Jessica Pavey, Damian Perkins, Barbara Pettineo, Vicki Pluard, Luana Polley, Steven Polley, Lyndsay Ponda, Kenneth Potts, Andre Powell, Orlando Powell, Harold Powers, Jeanne Powers, Jason Price, Michael Price, Roberta Price, Michael Puskar, Brittany Radaszewski, Cameron Radaszewski, Annette Ramos-Erkan, James Rastovsky, Anthony Ratajec, Robert Res, Melissa Rettig, Amanda Riggs, Jeffrey Riggs, Jose Rivera, Kimberly Rivera, Raeann Rodriguez, Jon Romanovich, Brandon Roth, Edward Rozek, Robert Rusiniak, Shelly Ruthkay, Bojana Sancanin, Sandra Schenher, Kevin Schlutt, Eric Schmidt, Leisa Schwartz, Sylvia Shannon, Dennis Shawver, Linda Shawver, Chris Shropshire, Garry Sickles, LaShon Sims, Derrick Six, Mary Skaggs-Knop, Theresa Skurka, Ruby Slathar, Anna Smolek, Barbara Smolinski, Bret Smolinski, Todd Smolinski, Darlene Soltis, Laura Sopko, Nina Soria, Alex Spangler, Stephanie Spangler, James Spencer, Lori St. Clair, William Stahl, Dejan Stanojkov, James Stewart, Jr., Willie Stewart, Nathan Stombaugh, Rebecca Stone, Deborah Studer, Richard Swanson, Michael Swarts, Todd Taylor, Robert Tepperman, Folayan Thomas, Bill Tobias, Molly Tobias, Claudia Trevino, Patrick Tritschler, Mary Turoci, Robert Utter, Grace Veliz, Patricia Vrehas, Cheryl Walker, Lendell Walker, Raymond Walton, Heidi Warren, Joseph Warrick, Cheryl Watkins-McClellan, Deidre Welford, Philip Wencl, Robert White, Richard Whitehead, Dennis Wilkening, Christiane Williams, Marzetta Williams, Tiffany Wisowaty, Jane Witkowski, Mary Witkowski, Ibrahim Yoldash, James Young, Nicsa Zamora, and Robert Zemburski (collectively, the "Verhoeve Claimants") are individuals who reside and at all times relevant herein have resided in Lake County, Cook County, Porter County, or another County within the State of Indiana. The Verhoeve Claimants are plaintiffs in connection with

9

approximately 287 Proposed Complaints that were filed with the Indiana Department of Insurance (the "IDOI"), between June 7, 2004 and October 12, 2005, in which the Verhoeve Claimants allege that the Weinberger Defendants were negligent in connection with their provision of medical treatment and that, as a proximate result, the Verhoeve Claimants were damaged (the "Claims"). The Verhoeve Claimants are named as Defendants herein, because they have potential interests in the proceeds of the Policies, as hereafter defined.

9.      Upon information and belief, Defendants Kayla Thomas, a Minor, By Ollie T. and Valerie Thomas as Parents and Natural Guardians of Kayla Thomas, Stephanie Bochenek, James Booker, Timothy Cahillane, Michelle Carugati, Michael Cox, Carlos Delemus, Christina Dick, Gladys Donohue, Andrew Dragash, Shirley Frazier, James Gildon, Ira Glover, Laura Golembieski, Randall Griffith, Michael Guttman, Michael Hedges, Jimmie Hollies, Dawn Iannacone, Melissa Jedynak, Nikkisha Joshua, Debra Korpak, Teresa Lake, Teena Lee, Pilar Lis, Patricia McLaughlin, Barbara Mills, Cathy Mshar, Billy Neeley, Brandon Nevarez, a Minor, by Robert Nevarez as Parent and Natural Guardian of Brandon Nevarez, Sarah Parduhn, Christina Paris, Christine Poby, Melanie Rogers, Christopher Smulski, Bonita Smulski, Kristin Smulski, a Minor, by Christopher and Bonita Smulski as Parents and Natural Guardians of Kristin Smulski, Larry Thomas, Sr., Roni Watt, Richard Wells, Jayson Wenzel, Alice White, Floyd Wright, a Minor, by Lieu Cuttino as Mother and Natural Guardian of Floyd Wright, and David Zwier (collectively the "Thomas Claimants") are individuals who reside and at all times relevant herein have resided in Lake County, Cook County, Porter County, Pulaski County, Jasper County, Spencer County, or another County within the State of Indiana. The Thomas Claimants are Plaintiffs in connection with a Complaint filed with the IDOI on or about January 24, 2005, in which the Thomas Claimants allege that the Weinberger Defendants were negligent in

10

connection with their provision of medical treatment and that, as a proximate result, the Thomas Claimants were damaged (the "Thomas Claims"). The Thomas Claimants are named as Defendants herein, because they have potential interests in the proceeds of the Policies, as hereafter defined.

10.    Upon information and belief, Defendants Robert Bedwell, John Earp, Kaitlin Fleming, Shannon Fleming, Michael Goodfellow, Jacqueline Grantham, Thomas Hochbaum, Joe W. Holley, Frank Jasin, Norma Martinez, Eric Mlodecki, Rosemarie Neely, Debra F. Oliver, Deborah Onika-Brazys, Lindsey Onika-Brazys, Anthony Perry, Shirley Snawder, Donald Timm, Kathleen Tourville and Ronald Wilde (collectively the "Remaining Claimants") are individuals who reside and at all times relevant herein have resided in various Counties located within the Northern District of the State of Indiana. The Remaining Claimants are Plaintiffs in connection with Complaints filed with the IDOI on or about October 20, 2004 through August of 2005, in which the Remaining Claimants allege that the Weinberger Defendants were negligent in connection with their provision of medical treatment and that, as a proximate result, the Remaining Claimants were damaged (the "Remaining Claims"). The Remaining Claimants are named as Defendants herein, because they have potential interests in the proceeds of the Policies, as hereafter defined.

11.    The Verhoeve Claimants, the Thomas Claimants and the Remaining Claimants are collectively referenced hereafter as the "Claimants." Further, the Verhoeve Claims, the Thomas Claims and the Remaining Claims are collectively referenced hereafter as the "Claims."

12.    Defendant Indiana Patient's Compensation Fund (the "Fund") is named as a Defendant herein, because it may have an interest in the proceeds of the Policies, as hereafter defined, pursuant to IND. CODE § 34-18-15-4. Specifically, IND. CODE § 34-18-15-4 provides

11

that if a health care provider's liability insurance carrier fails to pay any final judgment within ninety (90) days, the judgment "shall be paid from the patient's compensation fund, and the fund shall be subrogated to any and all of claimant's rights against ... the health care provider's ... liability insurance carrier ...."

13.     The Fund is administered by the State of Indiana, Department of Insurance, which has its principal offices located in Indianapolis, Marion County, Indiana.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction in this matter, pursuant to 28 U.S.C. § 1332(a), because this action is between citizens of different states and the amount in controversy for each of the Claimants exceeds the sum of $75,000, exclusive of interest and costs. Specifically, ProNational is a citizen of the States of Michigan and/or Alabama. Upon information and belief, Weinberger (based on his last known address) is a citizen of the State of Illinois. Upon information and belief, all remaining Defendants – the Entity Defendants, the Claimants and the Fund – are citizens of the State of Indiana.

15.     Venue of this action in the Northern District of Indiana is proper pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District, and the Defendants are subject to personal jurisdiction in the Northern District. Further, venue is proper in the Hammond Division of the Northern District. Since the repeal of 28 U.S.C. § 1393 in 1988, an action may be filed in any division within a federal district, as long as venue in the district is proper. Finally, pursuant to 28 U.S.C. § 94, Lafayette is part of the Hammond Division. Thus, venue of this matter is proper in the Northern District of Indiana, Hammond Division at Lafayette.

12

## CLAIM FOR DECLARATORY RELIEF

16.    Before his disappearance in or about September 2004, Weinberger was an otolaryngologist – i.e., an ear, nose and throat specialist – practicing through the various Entity Defendants in Merrillville, Indiana. Weinberger was the sole principal and owner of the various Entity Defendants. Before his disappearance, Weinberger resided in Chicago, Illinois.

17.    In or about September 2004, Weinberger traveled to Greece for a vacation with his family, including his wife. Upon information and belief, Weinberger left one morning to purportedly "go for a run." He never returned.

18.    Subsequent investigation and discovery by various interested parties, including but not limited to the Claimants, Weinberger's wife, the Receiver appointed to oversee the liquidation of the Entity Defendants, and federal authorities, have revealed that Weinberger had been preparing to "disappear" for some time prior to his excursion to Greece. For example, subsequent to his disappearance, family members and/or investigators have discovered numerous books owned by Weinberger regarding "hiding assets." Weinberger's wife believes that Weinberger has intentionally disappeared for the purpose of evading potential liability on the multitude of claims referenced herein.

19.    According to the Medical Licensing Board for the State of Indiana, Weinberger voluntarily fled the country and, in fact, "had been planning his 'disappearance' for some time." Attached hereto and incorporated herein by reference as Exhibit A is a true and accurate copy of the Medical Licensing Board of Indiana Certification, dated July 5, 2005, attaching the Licensing Board's May 10, 2005 Findings of Fact and Order (the "Medical Licensing Board Findings" or the "Findings").

20.    The Medical Licensing Board Findings provide the following:

13

> On or around late September 2004, [Weinberger] vanished during a family vacation in Greece telling family members they would have to return to the United States on their own. Evidence was presented that indicated that [Weinberger] had been planning his "disappearance" for some time.

[Exhibit A, at ¶ 4].

21.     The Medical Licensing Board Findings provide further that "[s]ince September 2004, [Weinberger] could not be located by any of his patients or employees as he left no forwarding address and has failed to notify his current active patients … that he has discontinued his practice …." [Exhibit A, at ¶ 5]. Further, the Medical Licensing Board Findings indicate that "[a] court-ordered receivership has been authorized to take control of the practice's assets in order to satisfy over $5.7 million in unpaid claims by creditors." [*Id.*] According to the Findings, "[c]ourt documents indicated that the parties to the receivership proceeding 'do not anticipate [Weinberger's] return." [Exhibit A, at ¶ 5].

22.     Finally, the Medical Licensing Board Findings provide the following:

> A subsequent investigation revealed that [Weinberger] has used his practice to perpetrate a scheme to defraud numerous insurance companies. [Weinberger] submitted insurance claims on numerous occasions in which he grossly over billed for procedures, billed for medically unnecessary surgeries, or billed for services not rendered. The Board heard evidence that many surgeries that [Weinberger] documented as performed were not in fact performed.

[Exhibit A, at ¶ 9].

23.     Since Weinberger's disappearance in or about September 2004, Weinberger's wife has reported that she received a credit card bill reflecting charges in France in late November 2004.

24.     From on or about June 7, 2004 through in or about April 2006, more than three hundred (300) Proposed Complaints have been filed with the IDOI by former patients of

Weinberger against the Weinberger Defendants, generally alleging that Weinberger performed unnecessary surgeries and/or that he negligently performed the surgeries. At least two of the Complaints allege that Weinberger misrepresented material facts to the Claimants in order to fraudulently obtain their consent to unnecessary surgeries. Several of the Complaints also allege that Weinberger "fraudulently concealed" the existence of the Claims, apparently seeking a "tolling" of the applicable statute of limitations. The Medical Licensing Board Findings indicate that all of the Claims are the result of Weinberger's continuing fraudulent schemes.

25.    At various times relevant herein, the Weinberger Defendants were parties to several professional liability insurance policies with ProNational, providing for various coverage periods on claims-made and/or occurrence bases, in addition to several tail reporting endorsements. The following Table identifies the various insurance policies applicable to each of the Weinberger Defendants and the Claims, including coverage periods, policy limits, policy numbers, and whether the particular insurance policy is an occurrence-based policy, a claims-made policy or a tail reporting endorsement:

TABLE – INSURANCE COVERAGE SUMMARY

| INSURED | COVERAGE PERIOD | POLICY LIMITS (PER INCIDENT/ AGGREGATE) | POLICY NUMBER | COVERAGE TYPE[1] |
|---------|-----------------|------------------------------------------|---------------|------------------|
| Mark S. Weinberger, M.D. | 6/1/01–6/1/04 | $250,000/$750,000 | MP32800 | OCC |
|  | 6/1/03–6/1/04 | $1,000,000/$1,000,000 (additional limits) | MP32800 | OCC |
|  | 6/1/04–10/29/04 | $250,000/$750,000 | MP50554 | TRE |
|  | 6/1/04–10/29/04 | $1,000,000/$1,000,000 (additional limits) | MP50554 | TRE |
|  | 6/1/04–6/1/05 | $250,000/$750,000 | MP50554 | CM |

[1] OCC identifies an occurrence-based policy (i.e., coverage is invoked by an "Occurrence," as defined in the Policies, within the applicable policy period). CM identifies a claims-made policy (i.e., coverage is invoked if a "claim" is made, as defined and described in the Policies, within the applicable policy period). TRE identifies a tail reporting endorsement (i.e., coverage is invoked if a claim is reported, as defined and described in the Policies, during the applicable period).

|  | 6/1/04–6/1/05 | $1,000,000/$1,000,000 (additional limits) | MP50554 | CM |
|---|---|---|---|---|

| Mark S. Weinberger, M.D., P.C. | 6/1/01–6/1/04 | $250,000/$750,000 | MP32800 | OCC |
|---|---|---|---|---|
|  | 6/1/04–10/29/04 | $250,000/$750,000 | MP50554 | TRE |
|  | 6/1/04–6/1/05 | $250,000/$750,000 | MP50554 | CM |

| The Nose and Sinus Center, LLC | 6/1/02–6/1/04 | $250,000/$750,000 | MP32800 | OCC |
|---|---|---|---|---|
|  | 6/1/04–10/29/04 | $250,000/$750,000 | MP50554 | TRE |
|  | 6/1/04–6/1/05 | $250,000/$750,000 | MP50554 | CM |

| Subspecialty Centers of America, LLC | 6/1/03–6/1/04 | $250,000/$750,000 | MP32800 | OCC |
|---|---|---|---|---|
|  | 6/1/04–10/29/04 | $250,000/$750,000 | MP50554 | TRE |
|  | 6/1/04–6/1/05 | $250,000/$750,000 | MP50554 | CM |

| Merrillville Center for Advanced Surgery, LLC | 11/6/02–11/6/03 | $250,000/$750,000 | HP515 | OCC |
|---|---|---|---|---|
|  | 11/6/03–11/6/04 | $250,000/$750,000 | HP515 | CM |
|  | 11/6/03–11/6/04 | $1,000,000 | HP888 | Excess Coverage |

True and accurate copies of the policies identified in the above Table, with applicable coverage summaries and certificates, are attached hereto and incorporated herein by reference as Exhibits B (Policy No. MP32800), C (Policy No. MP50554), D (Policy No. HP515) and E (Policy No. HP888), and are collectively referred to herein as the "Policies."

26.     Paragraph 5 of the General Conditions and Requirements of each of the Policies states, *inter alia*, as follows:

> [The insured] must fully cooperate with ProNational and defense counsel in the investigation, handling, and defense of the legal proceeding. [The insured's] duty to cooperate includes, but is not limited to:
>
> •     when requested, attendance at and preparation for meetings, hearings, depositions, and trials;
>
> •     securing and providing evidence and assisting in obtaining the attendance of witnesses;
>
> •     truthfully and completely informing ProNational about the facts and circumstances which surround any professional incident or legal proceeding and, specifically, the nature of

16

> [the insured's] acts or omissions, so that ProNational may correctly assess liability;
>
> • supplementing the information previously provided to ProNational or defense counsel as additional information becomes known to [the insured].

27.    Weinberger has failed and refused to assist and/or cooperate with the defense of the Claims in numerous material respects, all of which have resulted in substantial prejudice to the defense of the Claims and, as a result, to ProNational, including but not necessarily limited to the following:

(1)    Most obviously, Weinberger has failed to assist and/or cooperate with the defense of the Claims by intentionally and purposefully disappearing to evade potential liability in connection with the Claims. As a result of his intentional disappearance and refusal to participate in the defense of the Claims, ProNational has been unable to evaluate or defend the Claims in any meaningful manner.

Weinberger's personal testimony and explanation of the relevant diagnoses, the need for surgery and the standard of care exercised in connection with performing the various subject surgeries are imperative to any investigation, understanding or evaluation of any possible defenses to the Claims, as well as any evaluation of damages and exposure.

Production of medical records and files by the Receiver for the Entity Defendants is insufficient to prepare a successful defense. Without Weinberger's personal testimony regarding his thought processes, evaluations and diagnoses, no meaningful defense is possible.

(2)    On or about January 26, 2005 and February 10, 2005, the Claimants served Interrogatories and Requests for Production on the Weinberger Defendants. Without input, participation and cooperation from Weinberger, the Weinberger Defendants were unable to respond to the discovery. In fact, the Weinberger Defendants did not respond to the discovery. Instead, the Weinberger Defendants were forced to claim that they were not required to respond, because proper service had not been effectuated.

17

(3)     On February 28, 2005, counsel for various Claimants delivered correspondence to counsel for the Weinberger Defendants, requesting responses to the written discovery. A true and accurate copy of the February 28, 2005 letter is attached hereto as Exhibit F and is incorporated herein by reference.

As a result of the intentional disappearance of Weinberger and his refusal and/or failure to cooperate with the defense of the Claims, the Weinberger Defendants were unable to respond to the discovery.

(4)     On or about March 18, 2005, counsel for various Claimants served a Notice of Deposition for Weinberger, both in his individual capacity and as a principal of the Entity Defendants, scheduling the deposition for April 19, 2005. A true and accurate copy of the March 18, 2005 letter, attaching the Notice of Deposition, is attached hereto as Exhibit G and is incorporated herein by reference.

The Weinberger Defendants objected to the Notice of Deposition on the ground that service was not properly obtained on Weinberger.

(5)     On or about March 29, 2005, counsel for various Claimants again corresponded with counsel for the Weinberger Defendants, again requesting responses to the written discovery. No responses were provided.

(6)     Weinberger failed to appear for his deposition on April 19, 2005, which was scheduled both in his individual capacity and in his capacity as a principal of the Entity Defendants. Attached hereto as Exhibit H and incorporated herein by reference is a copy of the transcript for the deposition, indicating and documenting Weinberger's failure to appear.

(7)     On or about May 26, 2005, other Claimants served requests for production of documents on Weinberger, which, to date, have not been answered. Further, these Claimants scheduled Weinberger's deposition for May 3, 2006. Weinberger failed to appear for his deposition.

(8)     On or about July 13, 2005, the Claimants filed their "Motion for Preliminary Determination of a Question of Law Pursuant to I.C. 34-18-11-1, to wit: Motion for

18

Default Judgment for Defendants' Failure to Respond to Discovery" (the "Motion for Default Judgment"), with the Lake County Superior Court, requesting a default judgment against the Weinberger Defendants on liability to each of the Claimants and asking that the Court schedule a hearing on damages. Attached hereto as Exhibit I and incorporated herein by reference is a copy of the Motion for Default Judgment.

Contemporaneously, the Claimants filed their "Brief in Support" of their Motion for Default Judgment, stating that there is no "reasonable prospect that [the Weinberger Defendants] will comply with an Order of [the] Court because the key individual with the knowledge necessary to respond to the discovery has fled the country." A true and accurate copy of the Brief in Support of the Claimants' Motion for Default Judgment is attached hereto and incorporated herein by reference as Exhibit J.

The Brief in Support also corroborates many of the facts alleged herein and, further, provides that the Indiana Medical Licensing Board had "suspended [Weinberger's] medical license in October 2004, and permanently revoked that license" in April 2005. [Exhibit J, at 2-4, 12].

(9)    In their Motion for Default Judgment, the Claimants concede that "once a final judgment is issued against the Dr. Weinberger Defendants on each of these claims, the claims will most likely have to be paid from the Patient's Compensation Fund ...." [Exhibit I, at ¶ 22]. In other words, the Claimants concede that ProNational will not be obligated to pay the amount of any final judgment, presumably due to the Weinberger Defendants' failure to cooperate.

(10)   On May 22, 2006, the Lake County Superior Court entered its Order, ruling as follows:

The Court finds that prejudice to the [Claimants] by Weinberger's discovery failures will exist if Dr. Weinberger is able to testify in the pending panel actions, or in any subsequently filed civil cases for damages once the proposed complaints have progressed through the panel process.... That prejudice can be cured ... by prohibiting Dr. Weinberger or any of the Weinberger entities from using Dr. Weinberger's sworn testimony to defend the

19

cases pending before the panels or in any subsequently filed civil actions.

A true and accurate copy of the Lake County Superior Court's "Order of May 22, 2006" is attached hereto as Exhibit K and is incorporated herein by reference.

28.     In its May 22, 2006 Order, the Lake County Superior Court ordered the

following:

      A.    In the 285 cases identified in Exhibit A to Plaintiffs' [Motion for Default Judgment], and the supplement thereto filed January 12, 2006, the Weinberger Defendants are not permitted to offer any sworn testimony of Dr. Weinberger in defense of those cases as they proceed through the medical review panel process.

\* \* \*

      C.    To the extent this Court has jurisdiction to so order, the Weinberger Entities are not permitted to offer sworn testimony of Dr. Weinberger in defense of any of the 285 proposed complaints that are filed as civil actions subsequent to completing the medical review panel process. To the extent this Court does not have jurisdiction to enter such an order, then this Court, by this order, advises any court in which a civil action by one of the 285 Plaintiffs is subsequently filed, that it is the recommendation of this Court that the Weinberger Entities not be permitted to offer any sworn testimony of Dr. Weinberger in defense of any such civil allegations.

[Exhibit K].

29.     On or about June 8, 2006, certain other Claimants filed their Motion for Preliminary Determination, alleging Weinberger's failure to cooperate with his defense and requesting sanctions. Attached hereto and incorporated herein by reference as Exhibit L is a true and accurate copy of the Claimants' Motion for Preliminary Determination.

20

30. Weinberger's complete refusal and failure to cooperate with the defense of the Claims has substantially – perhaps fatally – prejudiced ProNational in its defense of the Claims, warranting a complete denial of defense and/or coverage in connection with the Claims.

## COUNT I – FAILURE TO COOPERATE

31. ProNational incorporates allegations 1 through 30 of this Complaint as if stated herein in this Count I.

32. Weinberger's failure to cooperate and assist with the defense of the Claims, as described above, constitutes a material breach of the Policies.

33. ProNational has satisfied its obligations under the Policies, and it has satisfied all conditions precedent, if any, to enforcement of its rights under the Policies.

34. ProNational has been prejudiced in its defense of the Claims, due to Weinberger's material breaches of contract and his failure and refusal to comply with the terms of the Policies, as described herein, including but not limited to any prejudice caused by the Lake County Superior Court's May 22, 2006 Order, ruling that the Weinberger Defendants shall not be permitted to offer any sworn testimony of Weinberger in defense of the Claims.

35. Weinberger's testimony is (or would have been) integral to the defense of the Claims, given the nature of the Claimants' allegations of negligence and/or other wrongdoing. The prohibition against any sworn testimony by Weinberger on behalf of any of the Weinberger Entities is, in all likelihood, fatal to the defense of the Claims.

## COUNT II – FRAUD EXCLUSION

36. ProNational incorporates allegations 1 through 35 of this Complaint as if stated herein in this Count II.

37.     Defendants Jennifer Kucik ("Kucik") and Catherine McGuckin ("McGuckin") filed their Proposed Complaints with the IDOI on or about June 7, 2004 and September 15, 2004, respectively. In addition to their claims of negligence, Kucik and McGuckin, as well as other Claimants, have alleged that Weinberger misrepresented material facts in order to fraudulently obtain their consent to unnecessary surgeries. Kucik and McGuckin (and other Claimants) allege that Weinberger performed "unnecessary and unwarranted" clinical examinations and procedures, and that he fraudulently misrepresented and documented the alleged results of those examinations, in order to obtain their "consent for extensive and expensive surgery, procedures and other medical care."

38.     The applicable Policies include a specific exclusion of coverage for "[l]iability arising out of any willful, wanton, fraudulent, dishonest, criminal or malicious act or omission."

39.     The allegations made by Kucik and McGuckin (and other Claimants) implicate the coverage exclusion for claims of fraud or other alleged dishonest acts (i.e., the "fraud exclusion").

40.     Further, according to the Medical Licensing Board Findings (described in more detail in paragraphs 19 through 22 of this Complaint):

> A subsequent investigation revealed that [Weinberger] has used his practice to perpetrate a scheme to defraud numerous insurance companies. [Weinberger] submitted insurance claims on numerous occasions in which he grossly over billed for procedures, billed for medically unnecessary surgeries, or billed for services not rendered. The Board heard evidence that many surgeries that [Weinberger] documented as performed were not in fact performed.

[Exhibit A, at ¶ 9].

41.     Weinberger's continuing fraud, recognized by the Indiana Medical Licensing Board in its Findings, has proximately resulted in the filing of all of the pending claims with the

22

IDOI or otherwise. As such, any and all Claims filed by the Claimants are subject to the above-described "fraud exclusion."

42. ProNational has satisfied its obligations under the Policies, and it has satisfied all conditions precedent, if any, to enforcement of its rights under the Policies.

43. ProNational owes no defense or coverage under the Policies in connection with the "fraud-based" claims alleged by Kucik and/or McGuckin, as well as the other Claimants who have alleged "fraud-based" claims, or in connection with any other of the remaining Claims (for the reasons described above), pursuant to the above-described "fraud exclusion."

WHEREFORE, Plaintiff, ProNational Insurance Company, by counsel, respectfully requests that this Court enter judgment in its favor and against the Defendants, ordering and declaring the following:

1. That Weinberger has failed and refused to assist and/or cooperate with the defense of the Claims;

2. That Weinberger's failure to assist and cooperate in the defense of the Claims constitutes a material breach of the contracts of insurance between the Weinberger Defendants and ProNational (i.e., the Policies);

3. That ProNational has been prejudiced by Weinberger's failure and refusal to assist and/or cooperate with the defense of the Claims;

4. That ProNational is under no obligation to defend the Claims on behalf of any of the Weinberger Defendants;

5. That ProNational is under no obligation to pay any judgments, damages, costs or expenses which are associated with or arise out of the Claims, or to indemnify the Weinberger Defendants for any such amounts;

23

6.  ProNational owes no defense or coverage under the Policies in connection with the claims alleged by Kucik and/or McGuckin, or any other Claimants who have asserted "fraud-based" claims, pursuant to the coverage exclusion contained in the Policies for such fraud-based claims;

7.  An award of costs of this action; and

8.  Granting all other appropriate relief.

Respectfully submitted,

John David Hoover, Attorney No. 7945-49
Michael A. Dorelli, Attorney No. 20862-49
Patrick J. Olmstead, Attorney No. 25369-49
HOOVER HULL LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244
Telephone:    (317) 822-4400
Facsimile:    (317) 822-0234

Attorneys for the Plaintiff, ProNational Insurance Company

376304

24