```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF INDIANA
              HAMMOND DIVISION AT LAFAYETTE
```

PRONATIONAL INSURANCE COMPANY, )
                               )
          Plaintiff            )
                               )
     v.                        )   Case No. 4:06 cv 117
                               )
MARK S. WEINBERGER, M.D.,      )
et al.,                        )
                               )
          Defendants           )

OPINION AND ORDER

This matter is before the court on the Motion for Change of Venue, filed by approximately 60 of the more than 300 defendants in this case, on August 28, 2006 (DE 16), and again on August 29, 2006 (DE 19). For the reason stated below, the motions are **DENIED**.

Background

This matter arises out of the potential liability incurred by Dr. Mark Weinberger as the result of his treatment of more than 300 patients. The plaintiff, Pro National, is an insurance company that issued a series of policies held by Weinberger and the various entities under which he conducted his practice. The defendants include these entities, Weinberger, and the patients who have filed complaints with the Indiana Department of Insurance.

Pro National alleges that Weinberger intentionally disappeared in September 2004 while vacationing in Greece.  The plaintiff seeks a declaratory judgment that Weinberger's failure

to cooperate in the defense of these claims constitutes a prejudicial and material breach of the insurance contracts with Pro National and relieves them of the obligation to pay any judgments arising out of the claims.

Pro National filed its complaint in the Lafayette, Indiana location of this district's Hammond Division. Approximately 60 defendants now seek transfer under 28 U.S.C §1404(a) from Lafayette to Hammond. The Indiana Patient's Compensation Fund, another named defendant, joined in this motion.

## Discussion

The court first must address the application of §1404(a). Section 1404(a) provides the mechanism by which a party may seek to transfer "any civil action to any other district *or division* where it might have been brought." 28 U.S.C. §1404(a)(emphasis added). Consequently, this section is applicable when a defendant seeks to transfer from one division within a district to another. *See e.g.* ***Hogan v. Ford New Holland, Inc.***, 1995 WL 360466 at *4 (N.D. Ill. 1995); ***Concrete Structures of the Midwest, Inc. v. Teco Construction Services, Inc***., 1996 WL 67213 at *3 (N.D. Ill. 1996)("A motion to transfer venue between divisions is subject to the same analysis as any other transfer of venue."). However, the district court in Lafayette is not a separate division but is a court within the Hammond Division. 28 U.S.C §94(a)(3)("Court for the Hammond Division shall be held at Hammond and Lafayette."). Consequently, §1404(a) is, on its face, inapplicable.

In the absence of a local rule, the court looks to §1404(c),

which provides that "[a] district court may order any civil action to be tried *at any place within the division* in which it is pending." (emphasis added). The court finds comparable those jurisdictions containing multiple courts in a single, state-wide district and division. In such circumstances the court continues to apply the standard developed under §1404(a). *See* ***Busey v. Board of County Commissioners of the County of Shawnee Kansas***, 210 F.R.D. 736 (D. Kansas, 2002) (applying § 1404(a) factors to intradivisional transfer). *See also* ***Smart v. Bock***, 1995 WL 767893 at *1 (7th Cir. 1995). "Cases are generally not transferred between cities except for the most compelling reasons." ***Busey***, 210 F.R.D. at 737.

In applying the standard under §1404(a), the plaintiff's choice of forum "should rarely be disturbed." ***In re National Presto Industries, Inc***., 347 F.3d 662, 664 (7th Cir. 2003). The moving party must show that the transferee location offers greater convenience for the parties and witnesses and better serves the interest of justice. 28 U.S.C. §1404(a); ***Aldridge v. Forest River, Inc.***, 436 F.Supp.2d. 959, 960 (N.D. Ill. 2006). In evaluating the convenience of a transferee district, the court will look to the need to access third-party witnesses and evidence, recognizing that "technological advancements have diminished traditional concerns related to ease of access to sources of proof and the cost of obtaining witnesses." ***Milwaukee Electric Tool Corp., v. Black & Decker (N.A.) Inc***., 392 F.Supp.2d 1062, 1064 (W.D. Wis. 2005). The court also looks to the relative

3

convenience to all of the parties in the case. *Aldridge*, 436 F.Supp.2d. at 961.

In considering the statute's reference to the interests of justice, the factors are concerned with the "efficient administration of the court system." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986). These interests are served by the assurance of "speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Financial Inc., v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). The district court has broad discretion under §1404 and will be reversed only upon abuse of this discretion. *Heller*, 883 F.2d at 1293.

The defendants have not shown that the most compelling reasons support the disturbance of the plaintiff's choice of forum. In fact, both parties largely base their arguments on the convenience to the attorneys in this case, not the parties or witnesses. While this consideration may have some impact on the overall convenience to the parties in this case, it is of marginal weight at best. *See e.g. China Industries (USA) Inc. v. New Holland Tire, Inc.*, 2006 WL 2290975 at *5 (N.D. Ill. 2006)("Section 1404(a) only considers the interest of justice and convenience of the witnesses and parties in determining a motion for transfer of venue, the convenience of an attorney is not a factor.")

The defendants further argue that the Hammond court is more appropriate because the majority of the defendants are residents

4

of Porter and Lake County.  Additionally, the insurance agent who sold the policies is located in Porter County, and Weinberger's conduct giving rise to the underlying claims, as well as the state court litigation of those claims, is located nearer to Hammond than Lafayette.

The defendants' apparent underlying assumption, never articulated, is that proximity and convenience are interchangeable. The analysis under §1404, however, is not subject to such broad generalizations. The defendants must show not only that some aspects of this case are nearer one court than another but also must articulate some actual inconvenience arising from the court's location. Merely noting proximity is particularly misplaced when weighing two courts located in the same division of the same district.

The defendants have not shown that there is any particular cost or inconvenience experienced by hearing this case in Lafayette. The defendants make reference to one witness, an insurance agent, who is located closer to Hammond than Lafayette. However, the defendants do not indicate that this witness's testimony somehow would be compromised or that other witnesses or parties would face significant costs in time or money, by continuing this case in Lafayette. The defendants further do not indicate that their own ability to bear the expense of trial is burdened in any way by hearing the case in Lafayette rather than Hammond.

Finally, the defendants do not present any indication that the interests of justice are better served by relocating this

5

case. When a case is proposed to be relocated from one court in the same district and division to another, concerns over the efficiency of the litigation, choice of law, and coordinating related litigation simply are not implicated. Because a plaintiff's choice of forum rarely should be disturbed and only the most compelling reasons will support transfer from one city within a division to another, the defendants have not met their burden.

_____

For the foregoing reasons, the Motion for Change of Venue filed by the defendants on August 28, 2006 (DE 16), is **DENIED**. The duplicate motion (DE 19) filed on August 29, 2006 (DE 19), is **DENIED AS MOOT**.

ENTERED this 24th day of October, 2006

                                          s/ ANDREW P. RODOVICH
                                             United States Magistrate Judge