```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         LAFAYETTE DIVISION

THE MEDICAL ASSURANCE COMPANY, )
INC.,                          )
                               )
          Plaintiff            )
                               )
     v.                        )    Case No. 4:06 cv 117
                               )
MARK S. WEINBERGER, M.D.,      )
et al.,                        )
                               )
          Defendants           )
```

OPINION AND ORDER

This matter is before the court on the Motion to Deem Portions of Plaintiff's Reply Waived, or in the Alternative, Motion for Leave to File a Surreply filed by the defendant, James Atterholt, Commissioner of the Indiana Department of Insurance, on January 18, 2008, (DE 113) and the Motion for Leave to File a Surreply filed by the defendant, James Atterholt, on January 23, 2008. (DE 115) For the reasons set forth below, the motions are **DENIED**.

Background

The parties' dispute in this matter generally regards more than 300 malpractice claims filed against Dr. Mark Weinberger, who acquired malpractice insurance from the plaintiff. During the pendency of these claims, Dr. Weinberger disappeared while vacationing in Greece, prompting this separate cause of action seeking a determination regarding the plaintiff's obligations with respect to these claims.

On September 27, 2007, this court granted the defendant's

motion to stay this action during the pendency of the state malpractice claims. (DE 91) On October 24, 2007, Medical Assurance sought review by the district court of the September 27 order pursuant to 28 U.S.C. §636(b)(1)(A). After this motion was filed, the parties agreed to two extensions of time for the defendant, the Indiana Patients Compensation Fund, to file a response. (DE 96, 97, 100, 101) The parties also agreed to two further extensions of time for the plaintiff to file a reply brief. (DE 103, 104, 105, 106)

After the reply brief was filed, the Fund challenged issues raised in the reply first by filing a motion to have portions of the reply deemed waived, then prior to a ruling on that motion, filing an alternative motion for leave to file a surreply. The parties made clear their intent to brief this sub-issue fully, and with some irony, the court notes that the issues regarding the briefing of the plaintiff's objections themselves now have been fully briefed.[1]

## Discussion

Ultimately, the parties' dispute regards only the standard of review applicable to the district court's ruling on a magistrate judge's decision on a motion to stay. The Fund argues that Medical Assurance first asserted that the district court should apply a de novo standard of review in its reply, arguing that a

---

[1] It further is not clear that an objection to an order entered pursuant to Federal Rule of Civil Procedure 72(a) provides for the filing of response and reply briefs. For instance, this rule addresses only an objection, in contrast to Rule 72(b) which speaks in terms of objections *and* the ability to respond to objections.

2

ruling on a motion to stay is the functional equivalent of a dispositive motion.

There is no question that the application of the proper standard of review is the district court's responsibility and is not subject to waiver. See *Worth v. Tyer*, 276 F.3d 249, 262 n.4 (7th Cir. 2001) ("However, the court, not the parties, must determine the standard of review . . . ."); *United States v. Vontsteen*, 950 F.2d 1086, 1091 (5th Cir. 1992) ("The parties' failure to brief and argue properly the appropriate standard may lead the court to choose the wrong standard. But no party has the power to control our standard of review.").

However, the question over the standard does not stand alone, and is based on the question of whether a ruling granting a motion to stay is dispositive. See e.g *Touton v. M.V. Rizcun Trader*, 30 F.Supp.2d 508, 510 (E.D. Pa. 1998)("Accordingly, the court finds that neither the grant of the stay . . . nor the lift of said stay, constituted 'injunctive relief' in excess of the Magistrate Judge's authority under §636(b)(1)(A)."); *Indiana Pine LLC, v. Ponsse USA Inc.*, No. IP99-0123-C-Y/F, 1999 WL 1866849 at *1 (S.D. Ind. March 30, 1999)("Motions to stay proceedings to enforce arbitration provisions are non-dispositive pre-trial matters on which a magistrate judge is authorized to rule.").

Though Medical Assurance raised its argument that a motion to stay is dispositive only in its reply brief, the question is sufficiently tied to, and ultimately regards, the determination of the district court's standard of review. As the Fund recog-

nized, "this Court determines the standard of review, but that does not mean that the parties cannot make arguments about what standard applies." However, whether these arguments spill over into the filing of a surreply (noting also Medical Assurance's request to file a sur-surreply in the event that the Fund's motion is granted) is based on whether additional briefing is helpful to the court's decision. *See* ***Goltz v. University of Notre Dame du Lac,*** 177 F.R.D. 638, 641 (N.D. Ind. 1997); ***Archdiocese of Milwaukee v. Underwriters at Lloyd's, London,*** 955 F.Supp. 1066, 1070 (E.D. Wis. 1997) ("However, at some point, briefing must end.").

In this instance, there is no basis for concluding that further briefing and further delays are necessary to the resolution of this straightforward question regarding the court's application of the proper standard of review. Accordingly, the motion to deem portions of the reply and the separate motion to file a surreply are **DENIED**.

_____

For the forgoing reasons, the Motion to Deem Portions of Plaintiff's Reply Waived, or in the Alternative, Motion for Leave to File a Surreply filed by the defendant, James Atterholt, Commissioner of the Indiana Department of Insurance, on January 18, 2008, (DE 113) and the Motion for Leave to File a Surreply filed by the defendant, James Atterholt, on January 23, 2008, are **DENIED**.

ENTERED this 12th day of March, 2008

```
                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge
```