```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         LAFAYETTE DIVISION
```

THE MEDICAL ASSURANCE COMPANY,  )
INC.,                           )
                                )
            Plaintiff            )
                                )
        v.                      )   Case No. 4:06 cv 117
                                )
MARK S. WEINBERGER, M.D.,       )
et al.,                         )
                                )
            Defendants           )


## OPINION AND ORDER

This matter is before the court on the Motion for Leave to Plea in Suspension of Action and Plea in Abatement of Action [DE 155] filed by the defendant, Mark S. Weinberger, on July 26, 2010, and the Motion for Summary Ruling [DE 161] filed by the plaintiff, Medical Assurance Company, Inc., on September 3, 2010. The court previously issued an order stating that it construed Weinberger's Motion for Leave to Plea in Suspension of Action as a motion for extension of time to file a responsive pleading and the Motion for Plea in Abatement of Action as a motion to stay the proceedings. The plaintiff responded to Weinberger's motion to stay on August 13, 2010, and Weinberger has not filed a reply. Having previously addressed the motion for an extension of time, the court now addresses Weinberger's motion to stay the proceedings and Medical Assurance's Motion for Summary Ruling.

Local Rule 7.1(a) provides that a party shall have seven days after service of a response in which to serve and file a reply, rendering Weinberger's reply due on or before August 24, 2010. Weinberger has yet to reply or request an extension of time, and his pro se status does not absolve him of following the local rules. See Schuppert v. United States, 976 F.Supp. 781, 783 (C.D. Ill. 1997)(finding that the pro se plaintiff had to comply with Local Rule 7.1). When a party does not file a response within the time provided by Rule 7.1, the court may issue a summary ruling. L.R. 7.1. In light of the lack of objection expressed by Weinberger, the court assumes that he rests on his initial argument and GRANTS Medical Assurance's Motion for Summary Ruling. The court now addresses Weinberger's motion to stay.

Several individuals have filed malpractice claims against Weinberger in state court. Medical Assurance now seeks a declaratory judgment providing that it does not have to defend Weinberger in the pending state medical malpractice claims, that it owes no duty to indemnify the defendants in the state malpractice claims for any resulting judgments, and that it does not owe coverage with regards to the fraud based claims against Weinberger. After the malpractice claims were filed in state court, the government initiated criminal proceedings against Weinberger for

billing fraud under 18 U.S.C. §1347. Weinberger argues that his Fifth Amendment right against self-incrimination may be implicated by Medical Assurance's request for declaratory judgment and that this matter should be stayed pending the criminal trial.

A court has incidental power to stay proceedings, which stems from its inherent power to manage its docket. Landis v. North American Co., 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936); Walker v. Monsanto Co. Pension Plan, 472 F.Supp.2d 1053 (S.D. Ill. 2006). The decision to grant a stay is committed to the sound discretion of the court and must be exercised consistent with principles of fairness and judicial economy. Brooks v. Merck & Co., 443 F.Supp.2d 994, 997 (S.D. Ill. 2006); Rutherford v. Merck & Co., 428 F.Supp.2d 842, 845 (S.D. Ill. 2006); George v. Kraft Foods Global, 2006 U.S. Dist. LEXIS 92886, *4 (S.D. Ill. 2006).

The Constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings. Jones v. City of Indianapolis, 216 F.R.D. 440, 450 (S.D. Ind. 2003). Rather, granting a stay is the exception, not the rule. Board of Trustees of the Ironworkers Local No. 498 Pension Fund v. Nationwide Life Ins. Co., 2005 WL 711977 (N.D. Ill. 2005). Additionally, it is not unconstitutional to force a litigant to choose between invoking the Fifth Amendment in a civil case, thus risking the

negative inference permitted in that situation, or answering questions in the civil context, thus risking subsequent criminal prosecution. Cruz v. County of DuPage, 1997 WL 370194, *1 (N.D. Ill. 1997). The court, in its discretion, may stay civil proceedings or issue protective orders when the interests of justice require. Jones, 216 F.R.D. at 450-51.

When deciding whether to issue a stay in a civil proceeding pending a similar criminal case, courts assess a set of factors. See Benevolence International Foundation, Inc. v. Ashcroft, 200 F.Supp.2d 935, 938 (N.D. Ill. 2002); Hollinger International, Inc. v. Hollinger, Inc., 2005 WL 3177880 (N.D. Ill. 2005); Jones, 216 F.R.D. at 450. The court may consider a variety of factors including:

> (1) whether the two actions involve the same subject matter; (2) whether the two actions are brought by the government; (3) the posture of the criminal proceeding; (4) the effect on the public interests at stake if a stay were to be issued; (5) the interest of the plaintiff in proceeding expeditiously with the litigation and the potential prejudice of a delay; and (6) the burden that any particular aspect of the proceedings may impose on the defendant.
>
> Machinery Movers, Riggers and Machinery Erectors, Local 136 v. Nationwide Life Insurance Company, 2006 WL 2927607, *2 (N.D. Ill. Oct. 10, 2006)(citing Cruz, 1997 WL 370194 at *2)

The pending criminal matter for billing fraud and Medical Assurance's motion for declaratory judgment do not involve the

same subject matter.  To succeed on its declaratory judgment claim, Medical Assurance must establish that Weinberger's failure to cooperate was intentional and willful, Medical Assurance made a good faith effort to obtain Weinberger's cooperation, and Weinberger's failure to cooperate caused Medical Assurance actual prejudice.  In contrast, the government will have to show that Weinberger knowingly and willfully executed a scheme "(1) to defraud any health care benefit program; or (2) to obtain, by means of fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services".  18 U.S.C. §1347.  The elements that Medical Assurance and the government must establish do not overlap, and it would be speculative to assume that Medical Assurance would delve into facts relative to the criminal matter to establish actual prejudice.  The court must refrain from assuming that "the only way Medical Assurance can prove its case is through an excursion into factual questions that the [other] courts have been, or will be, asked to address."  See Medical Assurance Co., Inc. v. Hellman, 610 F.3d 371, 381 (7th Cir. 2010).  Because Medical Assurance is seeking declaratory judgment with respect to the state malpractice claims pending against Weinberger and the criminal matter

5

should not be implicated, it would be a broad assumption to conclude that Medical Assurance would prove its case with the factual questions the court addressing the criminal matter must decide. The diverse nature of the declaratory judgment and criminal matters minimizes the likelihood that courts will reach the same questions. Therefore, this prong is weighted against granting the stay.

Under the second prong, the court must give special consideration to whether the government is on both sides of the action. This is because the broad scope of civil discovery could expose information that the parties are not entitled to through criminal discovery. United States ex. Rel. Shank v. Lewis Enterprises, Inc., 2006 WL 1064072, *4 (S.D. Ill. 2006). The government is not a party to this suit, so the threat of broad discovery is irrelevant, and this factor must be weighed against granting the stay.

The criminal matter pending against Weinberger is in the post-indictment stage. At this stage, the threat of charges no longer is hypothetical and the potential for implication of the defendant's Fifth Amendment right against self-incrimination is heightened, weighing this factor in favor of stay. Lewis Enterprise, 2006 WL 1064072 at *4; Cruz, 1997 WL 370194 at *3.

Fourth, the public interest favors the expeditious resolution of controversies. Ticor Title Ins. Co. v. Brezinski, 2009 WL 305810, *2 (N.D. Ind. 2009). If there are other measures that can be taken to protect the parties' interests, the public interest requires a denial of the stay. Cruz, 1997 WL 370194 at *3. For example, the court could issue a protective order to prevent discovery of materials that may impact the criminal litigation. Cruz, 1997 WL 370194 at *3. Additionally, under this prong the court should consider whether granting a stay will enable the defendant to engage in a continuing wrong. Cruz, 1997 WL 370194 at *3. If the stay was granted here, Weinberger could continue to refuse to cooperate with Medical Assurance in the pending state malpractice claims, as Medical Assurance alleges in its complaint, and Medical Assurance may be exposed to liability due to Weinberger's unwillingness to aid Medical Assurance in constructing its defense. The public interest prong, therefore, weighs against granting the stay.

Under the fifth prong, Medical Assurance would be substantially prejudiced if the court granted Weinberger's motion to stay. Because the malpractice claims against Weinberger in state court have not been stayed pending the criminal action, Medical Assurance would be required to continue providing Weinberger with a defense and may be exposed to liability for the resulting

7

judgments if the stay is granted in the present action. This could result in potentially irreparable harm to Medical Assurance if the court later found that it was not responsible for defending Weinberger and reimbursing the claimants for potential judgments and Medical Assurance was unable to recover reimbursement for these expenses. Therefore, this prong weighs in favor of denying the stay.

Finally, the only burden Weinberger points to is the potential implication of his Fifth Amendment right against self-incrimination. The concern that his Fifth Amendment right against self-incrimination will be implicated is merely speculative, particularly because the issues in the present action are independent from those in the criminal matter. See Hellman, 610 F.3d at 381 ("[T]he Declaratory Judgment Act has no effect on the substantive law that governs a case, whether that is found in federal or state law."). Even if the defendant's right against self-incrimination is implicated, the defendant can be made to choose between his Fifth Amendment right against self-incrimination and providing information to defend himself in a civil action unless the interests of justice require the court to issue a stay. Cruz, 1997 WL 370194 at *1. And here, the interests of justice do not so require because the potential for conflict is minimal in light of the fact that the elements for the declara-

tory judgment action substantially differ from what the government must prove in the pending criminal case.

When considered in totality, the factors weigh against issuing a stay. There is minimal risk that Weinberger's Fifth Amendment rights will be implicated given the substantial difference in the subject matter of this declaratory judgment and the criminal billing fraud counts. The possibility that Medical Assurance will raise prejudicial facts that will affect the criminal matter is speculative at best. See Hellman, 610 F.3d at 381 (stating that the court should not assume that the plaintiff insurer will have to intrude on the pending case to establish actual prejudice). And Medical Assurance would be substantially prejudiced if it was required to continue providing Weinberger a defense because the state malpractice claims are not stayed.

Based on the foregoing reasons, the Motion for Leave to Plea in Suspension of Action and Plea in Abatement of Action [DE 155] filed by the defendant, Mark S. Weinberger, on July 26, 2010, is DENIED, and the Motion for Summary Ruling [DE 161] filed by the plaintiff, Medical Assurance Company, Inc., on September 3, 2010, is GRANTED.

ENTERED this 25th day of October, 2010

s/ Andrew P. Rodovich
United States Magistrate Judge