```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         LAFAYETTE DIVISION
```

THE MEDICAL ASSURANCE COMPANY,  )
INC.,                           )
                                )
          Plaintiff             )
                                )
      v.                        )   Case No. 4:06 cv 117
                                )
MARK S. WEINBERGER, M.D.,       )
et al.,                         )
                                )
          Defendants            )

<u>REPORT AND RECOMMENDATION</u>

This matter is before the court on the referral for a Report and Recommendation on the Renewed Motion for Discovery Sanctions of the Plaintiff, The Medical Assurance Company, Inc., as to the Weinberger Defendants [DE 361], filed on December 7, 2011. For the reasons set forth below, **IT IS RECOMMENDED** that the Motion be **GRANTED.**

<u>Background</u>

This matter arises from a contract dispute concerning liability for approximately 350 pending medical malpractice claims against Dr. Mark S. Weinberger and the business entities he owned (the Weinberger defendants). This case originally was filed in 2007 and was subject to a stay until July 13, 2010. At the time the case was filed, Weinberger could not be located and later was arrested on federal criminal charges. On appeal, the

Seventh Circuit lifted the stay, and the case now is moving toward final disposition.

Medical Assurance issued written discovery requests to the Weinberger defendants on December 29, 2010. The Weinberger defendants did not provide any substantive responses within the time permitted by the Federal Rules of Civil Procedure. Weinberger and his business entities pled the Fifth Amendment in response to every question. On April 4, 2011, Medical Assurance filed a Motion for Discovery Sanctions against the Weinberger defendants. In response, the Weinberger defendants stated that they would provide substantive answers on or before May 2, 2011, and would not uniformly assert the Fifth Amendment.

While the motion for sanctions was pending, Medical Assurance took Weinberger's deposition. Weinberger asserted the Fifth Amendment in response to all 344 questions. Medical Assurance asked Weinberger a series of questions concerning whether he ever intended to cooperate, if he believed he had cooperated, and whether he intended to respond to specific pending discovery requests. Weinberger refused to answer these, as well as questions about his background and education.

Medical Assurance supplemented its motion for sanctions on June 6, 2011, to reflect Weinberger's refusal to provide substantive answers at his deposition. On June 20, 2011, the court

issued an Opinion and Order directing the Weinberger defendants to provide substantive responses by July 11, 2011, and denying the request for default judgment. The court warned the Weinberger defendants that any further delay would result in more severe sanctions. On July 11, 2011, the Weinberger defendants served Medical Assurance with amended discovery responses. The amended responses continued to assert the Fifth Amendment and did not provide any substantive information.

Weinberger's criminal trial is scheduled for August 13, 2012. Medical Assurance fears that the Weinberger defendants will not provide substantive responses until Weinberger's criminal trial has concluded. Medical Assurance has moved for sanctions against the Weinberger defendants in the form of default judgment given their reluctance to provide substantive discovery responses despite the court order. The Indiana Patient Compensation's Fund (PCF), Thomas defendants, and Weinberger defendants filed a response in opposition.

## Discussion

Federal Rule of Civil Procedure 37(b)(2) gives the court authority to sanction a party for failing to comply with a court order and states in relevant part:

> (2) Sanctions in the District Where the Action Is Pending.

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The authority to sanction a non-compliant party also arises from the court's inherent power to manage its cases and achieve an orderly disposition. *See* **Chambers v. NASCO, Inc.,** 501 U.S. 32, 44, 47, 111 S.Ct. 2123, 2132, 2134, 115 L.Ed.2d 27 (1991) (explaining that the court has broad inherent powers to sanction a party)*;* **Barnhill v. United States**, 11 F.2d 1360, 1367 (7th Cir. 1993).

The court should consider several factors when determining which sanctions to employ, including: "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." **Rice v. City of Chicago**, 333 F.3d 780, 784 (7th Cir. 2003) (*citing* **Williams v. Chicago Bd. of Educ.**, 155 F.3d 853, 857 (7th Cir. 1998)). The sanctions must be proportional to the party's misconduct. **Collins v. Illinois,** 554 F.3d 693, 696-698 (7th Cir. 2009). The court measures this by weighing the proposed sanctions against the egregiousness of the party's conduct. **Barnhill**, 11 F.3d at 1368.

Dismissal is the most severe sanction and generally is applied only when a party has displayed exceptional misconduct or when less drastic sanctions have proven unavailing. **Sun v. Board of Trustees**, 473 F.3d 799, 811 (7th Cir. 2007) (explaining that

the Seventh Circuit has a well established policy of favoring trial on the merits over default judgments); ***Maynard v. Nygren***, 332 F.3d 462, 467-68 (7th Cir. 2003); ***Danis v. USN Communications, Inc.***, 2000 WL 1694325, *33-34 (N.D. Ill. Oct. 23, 2000) ("Because a default judgment deprives a party of a hearing on the merits, the harsh nature of this sanction should usually be employed only in extreme situations where there is evidence of willfulness, bad faith or fault by the noncomplying party") (*citing* ***Societe Internationale v. Rogers***, 357 U.S. 197, 209, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958)) (explaining that a party should be sanctioned with dismissal only in extreme situations where there is evidence of willfulness, bad faith or fault by the noncomplying party). The court first must consider whether less severe sanctions will remedy the damage. ***Marrocco v. General Motors***, 966 F.2d 220, 223-24 (7th Cir. 1992).

The Seventh Circuit has employed two different standards for determining whether dismissal is an appropriate sanction. When assessing dismissal for want of prosecution or the failure to comply with a court order, the court must consider whether there has been a clear record of delay or contumacious conduct or whether less drastic sanctions have been unavailing. ***Maynard***, 332 F.3d at 468-69; ***Large v. Mobile Tool International, Inc.***, 2008 WL 2116967, *7 (N.D. Ind. 2008) ("[C]ontumacious conduct

6

merits strong sanctions, and when the court uses its inherent power to root out contumacious conduct, no showing of willfulness, bad faith, fault or even prejudice is required."). "A slightly different requirement - a finding of willfulness, bad faith or fault - comes into play when dismissals are used specifically as a discovery sanction under Fed.R.Civ.P. 37." **Maynard**, 332 F.3d at 468-69 (*citing* **In re Golant**, 239 F.3d 931, 936 (7th Cir. 2001); **Langley v. Union Electric Co.**, 107 F.3d 510, 514 (7th Cir. 1997); **In re Rimsat, Ltd.**, 212 F.3d 1039, 1046-47 (7th Cir. 2000) (requiring a finding of bad faith when a district court dismisses a case under the inherent powers of the court)). "That is, even without 'a clear record of delay, contumacious conduct or prior failed sanctions,' a court can apply the sanction of dismissal for Rule 37 violations with a finding of willfulness, bad faith or fault, as long as it first considers and explains why lesser sanctions would be inappropriate." **Maynard**, 332 F.3d at 468. *See also*, **Melendez v. Illinois Bell Co.**, 79 F.3d 661, 671 (7th Cir. 1996) ("Sanctions are proper upon a finding of willfulness, bad faith, or fault on the part of the noncomplying litigant.").

Bad faith is "conduct which is either intentional or in reckless disregard of a party's obligations to comply with a court order." **Marrocco**, 966 F.2d at 224; **Maynard**, 332 F.3d at

7

470 (explaining that bad faith is exhibited where a party fails to comply with a court order or provides false or misleading responses). Similarly, fault does not mean the party's subjective motivation, but rather "the reasonableness of the conduct — or lack thereof — which eventually culminated in the violation." *Marrocco*, 966 F.2d at 224; *Langley*, 107 F.3d at 514.

The Seventh Circuit requires clear and convincing evidence of the discovery abuse to justify a default judgment because of the harsh nature of the penalty and the court's policy of favoring trial on the merits. *Maynard*, 332 F.3d at 468 ("[C]onsidering the severe and punitive nature of dismissal as a discovery sanction, a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case."); *Larson v. Bank One Corp.*, 2005 WL 4652509, *9 (N.D. Ill. August 18, 2004) (explaining that a default judgment requires clear and convincing evidence of the sanctionable conduct, although an issue-related sanction requires only a preponderance of the evidence).

The Weinberger defendants do not deny that they consistently failed to comply with the court's orders to provide substantive responses to discovery. However, the Weinberger defendants incorrectly have asserted the Fifth Amendment in response to Medical Assurance's discovery requests. Medical Assurance

attempted to resolve the discovery dispute amicably, but after several unsuccessful attempts, it filed a motion to compel and for sanctions. The Weinberger defendants responded that they intended to supplement their discovery responses and would not uniformly assert the Fifth Amendment. After making this representation, Weinberger asserted the Fifth Amendment in response to every question Medical Assurance asked at his deposition, including general background questions and questions unrelated to his criminal proceedings. On June 20, 2011, the court directed the Weinberger defendants to respond and directed them that the Fifth Amendment was not an appropriate objection for a corporation. However, the Weinberger defendants served almost identical responses and continued to assert the Fifth Amendment.

The Weinberger defendants cannot justify their continued failure to comply. Rather, they cite to Medical Assurance's own misconduct, argue the merits of their defense, and rely on the reluctance of the court to enter a default against a party as a discovery sanction. The court already fired a warning shot, but this did not correct the Weinberger defendants' behavior, as they have yet to provide substantive responses. Their continued resistance to comply and the misrepresentation to the court of their willingness to do so is deserving of sanctions. However, before entering default as a discovery sanction, the court now

must find bad faith and determine whether different sanctions could remedy the misconduct.

Weinberger pled the Fifth Amendment in response to every discovery question posed to him, both in the interrogatories Medical Assurance served and at his deposition. The Weinberger defendants do not dispute that this was inappropriate, but they have refused to provide substantive responses despite representing to the court their intent to do so. "The Fifth Amendment 'not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal. . . .'" *Matter of Bon Voyage Travel Agency, Inc.*, 449 F.Supp. 250, 252 (D.C. Ill. 1978) (*citing* *Lefkowitz v. Turley*, 414 U.S. 70, 77, 94 S.Ct. 316, 322, 38 L.Ed.2d 274 (1973); *Baxter v. Palmigiano*, 425 U.S. 308, 316, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976)). However, the Fifth Amendment only may be invoked when the person reasonably believes his response will incriminate him in a criminal prosecution. *Bon Voyage*, 449 F.Supp. at 252 (*citing* *Maness v. Meyers*, 419 U.S. 449, 461, 95 S.Ct. 584, 592, 42 L.Ed.2d 574 (1975)). "A blanket refusal to testify is unacceptable. A court must make a particularized inquiry, deciding, in connection with each specific area that the questioning party

wishes to explore, whether or not the privilege is well founded."
***Bon Voyage***, 449 F.Supp. at 253 (*citing **United States v. Melchor Moreno***, 536 F.2d 1042, 1049 (5th Cir. 1976); ***Hoffman v. United States***, 341 U.S. 479, 486-87, 71 S.Ct. 814, 95 L.Ed. 1118 (1951)). The Fifth Amendment does not provide a privilege for facts that might establish civil liability, rather the answer must have some tendency to subject the individual to criminal liability. ***United States v. Longstreet***, 567 F.3d 911, 922 (7th Cir. 2009); ***In re High Fructose Corn Syrup Antitrust Litigation***, 295 F.3d 651, 663-64 (7th Cir. 2002); ***National Acceptance Co. of America v. Bathalter***, 705 F.2d 924, 926-27 (7th Cir. 1983). "The Fifth Amendment ensures that a criminal defendant shall not 'be compelled . . . to be a witness against himself . . . [s]uch right must be confined to instances where witness has reasonable cause to apprehend danger from direct answer.'" ***Longstreet***, 567 F.3d at 922 (*citing **Hoffman***, 341 U.S. at 486, 71 S.Ct. at 814).

Weinberger made a blanket refusal to respond to Medical Assurance's discovery. Weinberger would not respond to routine questions concerning his education and background. Medical Assurance asked Weinberger questions such as whether he was aware that he had a contractual duty to cooperate with his insurer and whether he ever intended to cooperate. These types of questions concerned his background and civil liability and had no conceiv-

11

able bearing on his criminal prosecution. The court has ordered Weinberger to respond on more than one occasion, and despite his continued assurance that he would provide supplemental responses, he continued to plead the Fifth Amendment inappropriately. The court fired a warning shot, but that was not enough to encourage Weinberger to cooperate with his discovery obligations. Given the number of warnings Weinberger was offered, it would be difficult to conclude that his lack of response was anything but intentional. Weinberger was aware of his duty to supplement his responses, yet he served Medical Assurance with almost identical citations of privilege in response to every discovery request.

Similarly, the Weinberger entities were instructed that business entities do not have any protection under the Fifth Amendment. ***Braswell v. United States***, 487 U.S. 99, 105-06, 108-09, 108 S.Ct. 2284, 2289, 101 L.Ed.2d 98 (1988) (explaining that a corporate officer could not assert the Fifth Amendment right against self incrimination in response to a federal grand jury subpoena); ***Bellis v. United States***, 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974) (explaining that a partner in a partnership could not refuse to produce records by asserting the Fifth Amendment); ***Wachovia Securities, LLC v. Neuhauser***, 2011 WL 1465653, *3 (N.D. Ill. 2001) ("[T]he act of production doctrine does not extend to a corporate custodian, because the custodian's

'act of production is not deemed a personal act, but rather an act of the corporation.'"); *Nowaczyk v. Matingas*, 146 F.R.D. 169, 175 (N.D. Ill. 1993) ("[C]orporations do not possess the Fifth Amendment privilege against self-incrimination and the privilege does not extend to employees").

The Weinberger entities maintain that Weinberger is the only individual with knowledge to respond to the discovery requests on behalf of the entities, yet they have failed to produce any evidence to support this. For example, they have failed to explain why a former employee of one of the corporations or a claims adjuster in possession of the files cannot respond. Regardless, the Weinberger business entities cannot plead the Fifth Amendment and, despite the court's instruction, have failed to provide substantive supplemental responses.

The record clearly reflects that the Weinberger entities were apprised of their duty to provide substantive responses to Medical Assurance's discovery requests. Their continued failure to abide by the court's orders demonstrates a deliberate unwillingness to comply. The Weinberger defendants have not offered a satisfactory explanation for their refusal to provide the responses. Instead they argue that default is too severe of a sanction to impose. The Weinberger defendants have not shown any

13

willingness to comply, nor have they demonstrated how any less severe sanctions would remedy their ongoing failure to cooperate.

Weinberger and his business entities refused to respond to basic questions concerning background and elements unrelated to his pending criminal matter. His responses to many of the questions posed could not conceivably intrude on his criminal case. Weinberger has a continuing obligation to provide substantive responses, and despite direction by the court, he has failed to provide responses both individually and on behalf of his business entities. Given his lack of justification and continued refusal to comply, it is apparent that Weinberger will continue to disregard the court's orders and will not respond to any discovery. The Weinberger defendants lack of justification and ongoing refusal to comply demonstrates bad faith.

PCF also filed a response opposing Medical Assurance's motion for sanctions if the court determines that it would lose its right to defend Medical Assurance's declaratory judgment claim by entering default against the Weinberger defendants. PCF first argues that a default against the Weinberger defendants would not preclude it from continuing to assert its position. However, if the court determines that it could not continue to pursue its defense, PCF argues that it would suffer prejudice and that a default would not be an appropriate sanction.

The parties disagree whether PCF and the malpractice defendants may proceed with the litigation if a default judgment is entered against the Weinberger defendants. Medical Assurance argues that an injured party stands in the shoes of an insured person when proceeding against the insurer, citing *Araiza v. Chrysler Insurance Co.*, 699 N.E.2d 1162, 1163 (Ind. App. 1998), and cannot proceed once a default judgment is entered. However, the *Araiza* court explained that this meant that the injured party could not take a position different from the position the insured could have taken had the insured paid the judgment and proceeded against the insurance company himself. *Araiza*, 699 N.E.2d at 1163. The injured party was not precluded from pursuing a judgment against the insurer simply because the insured chose not to take a position and had a default judgment entered against him. The court held that the insured's default in a declaratory judgment action did not prevent the injured party from litigating coverage issues against the insurer although the injured party could not take a position different from what the insured might have if default had not been entered. *Araiza*, 699 N.E.2d at 1163. The court explained that the injured party had an interest in the proceeds from the insurance policy and was named as a defendant because the insurer recognized that interest. The default resolved the interest between the insured and insurer but

15

not between the injured party and the insured.  *Araiza*, 699 N.E.2d at 1163.

PCF and the Thomas defendants have an interest in the malpractice policy Weinberger held with Medical Assurance.  If it is determined that Medical Assurance owes no duty to indemnify Weinberger for the malpractice claims, PCF may be obligated to pay judgments in the underlying malpractice cases.  Likewise, the Thomas defendants seek payment under the insurance policy for their malpractice claims.  The entry of a default judgment against the Weinberger defendants will determine only the Weinberger defendants' interest in the policy and will not determine PCF's or the Thomas defendants' interests.  Although PCF and the Thomas defendants stand in the shoes of Weinberger with regard to what positions they may take, they are not precluded from defending their interests in the insurance policy because Weinberger chose not to protect his own.  For this reason, neither PCF nor the Thomas defendants would suffer prejudice by the court entering a default judgment against the Weinberger defendants.

The Weinberger defendants failed to cooperate with discovery, failed to abide by the court's orders, misrepresented to the court that they would supplement discovery responses, and have not justified their refusal to comply.  It is evident that the Weinberger defendants will not cooperate and fulfill their obli-

gations to respond to the discovery that is not shielded by the Fifth Amendment. The Weinberger defendants were warned that their failure to cooperate would lead to a more severe sanction. For these reasons, the court finds that no other sanction would cause the Weinberger defendants to comply, nor would any other sanction be proportional and remedy the Weinberger defendants' ongoing failure to supplement their responses and cooperate with their discovery. Weinberger has interfered with Medical Assurance's prosecution of its claim by citing inappropriate objections. If the Weinberger defendants will not fulfill their obligation and comply with discovery, the court is left with no choice but to deny the Weinberger defendants their right to continue defending this suit.

_____

Based on the foregoing, **IT IS RECOMMENDED** that the Renewed Motion for Discovery Sanctions of the Plaintiff, The Medical Assurance Company, Inc., as to the Weinberger Defendants [DE 361] filed on December 7, 2011, be **GRANTED** and that a default judgment be entered against the Weinberger defendants.

Pursuant to 28 U.S.C. §636(b)(1), the parties shall have 14 days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court, with extra copies e-mailed to the Chambers of the Honorable Jon E.

DeGuilio, Judge of the United States District Court, South Bend Division, and the Chambers of United States Magistrate Judge Andrew P. Rodovich, Hammond Division. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***Willis v. Caterpillar, Incorporated***, 199 F.3d 902, 904 (7th Cir. 1999); ***Johnson v. Zema Systems Corporation***, 170 F.3d 734, 739 (7th Cir. 1999); ***Hunger v. Leininger***, 15 F.3d 664, 668 (7th Cir. 1994); ***The Provident Bank v. Manor Steel Corporation***, 882 F.2d 258, 260-61 (7th Cir. 1989); ***United States v. Johnson***, 859 F.2d 1289, 1294 (7th Cir. 1988); ***Lebovitz v. Miller***, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 23rd day of April, 2012

                                          s/ ANDREW P. RODOVICH
                                             United States Magistrate Judge