UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THE MEDICAL ASSURANCE COMPANY, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO. 4:06-CV-117 JD ) |
| MARK S. WEINBERGER, M.D., *et al.* | ) ) ) |
| Defendants. | ) |

## Opinion and Order

Before the Court is Plaintiff Medical Assurance Company's Renewed Motion for Discovery Sanctions [DE 361], filed on December 7, 2011. After briefing was completed, the undersigned referred the motion to Magistrate Judge Andrew P. Rodovich for the preparation of a report and recommendation regarding whether dispositive sanctions are appropriate in this case. *See* DE 389. On April 23, 2012, the magistrate judge issued his report, recommending that the renewed motion for sanctions be granted and that default judgment be entered as a sanction against Mark S. Weinberger, M.D. and the related entities under his control, Mark S. Weinberger, M.D., P.C., The Nose and Sinus Center, LLC, The Merrillville Center for Advanced Surgery, LLC, and Subspecialty Centers of America, LLC, but that the sanction against the Weinberger defendants should not prejudice the other defendants in the case. *See* DE 406. All the actively litigating parties have filed separate objections to this report and recommendation. For the reasons that follow, the Court agrees that the motion for sanctions should be granted, but that a sanction of default, rather than default judgment, against the Weinberger defendants is more appropriate.

## I. Background

**A.     History of the Dispute**

Medical Assurance's renewed motion for sanctions is the latest skirmish in a battle over Dr. Weinberger's participation in this case that has been going on since Weinberger was returned to the jurisdiction in the summer of 2010. The parties do not object to the magistrate judge's recounting of the history of the dispute, although there is certainly a debate regarding the motivations of the parties actions and the equities of the current situation. The magistrate judge noted:

> This matter arises from a contract dispute concerning liability for approximately 350 pending medical malpractice claims against Dr. Mark S. Weinberger and the business entities he owned (the Weinberger defendants). This case originally was filed in 2007 and was subject to a stay until July 13, 2010. At the time the case was filed, Weinberger could not be located and later was arrested on federal criminal charges. On appeal, the Seventh Circuit lifted the stay, and the case now is moving toward final disposition.
>
> Medical Assurance issued written discovery requests to the Weinberger defendants on December 29, 2010. The Weinberger defendants did not provide any substantive responses within the time permitted by the Federal Rules of Civil Procedure. Weinberger and his business entities pled the Fifth Amendment in response to every question. On April 4, 2011, Medical Assurance filed a Motion for Discovery Sanctions against the Weinberger defendants. In response, the Weinberger defendants stated that they would provide substantive answers on or before May 2, 2011, and would not uniformly assert the Fifth Amendment.
>
> While the motion for sanctions was pending, Medical Assurance took Weinberger's deposition. Weinberger asserted the Fifth Amendment in response to all 344 questions. Medical Assurance asked Weinberger a series of questions concerning whether he ever intended to cooperate, if he believed he had cooperated, and whether he intended to respond to specific pending discovery requests. Weinberger refused to answer these, as well as questions about his background and education.
>
> Medical Assurance supplemented its motion for sanctions on June 6, 2011, to reflect Weinberger's refusal to provide substantive answers at his deposition. On June 20, 2011, the court issued an Opinion and Order directing the Weinberger

defendants to provide substantive responses by July 11, 2011, and denying the request for default judgment. The court warned the Weinberger defendants that any further delay would result in more severe sanctions. On July 11, 2011, the Weinberger defendants served Medical Assurance with amended discovery responses. The amended responses continued to assert the Fifth Amendment and did not provide any substantive information.

Weinberger's criminal trial is scheduled for August 13, 2012. Medical Assurance fears that the Weinberger defendants will not provide substantive responses until Weinberger's criminal trial has concluded. Medical Assurance has moved for sanctions against the Weinberger defendants in the form of default judgment given their reluctance to provide substantive discovery responses despite the court order. The Indiana Patient Compensation's Fund (PCF), Thomas defendants, and Weinberger defendants filed a response in opposition.

DE 406 at 1–3.

On July 23, Dr. Weinberger entered a plea of guilty to Counts 1-22 of the indictment in *United States v. Weinberger*, Cause No. 2:06-cr-00230-PPS-PRC, pending in the Hammond Division of the United States District Court for Northern District of Indiana before Chief Judge Phillip P. Simon. Judge Simon deferred acceptance of Dr. Weinberger's binding plea agreement pending review of the Presentence Investigation Report. Sentencing is set for October 12, 2012. In light of this guilty plea, the Weinberger defendants filed a notice with this court stating that following sentencing in the criminal matter, they will serve supplemental discovery responses that will not include a blanket assertion the Fifth Amendment privilege against self-incrimination. *See* DE 476.

**B.     The Magistrate Judge's Recommendation**

The magistrate judge then proceeded to discuss the law governing sanctions for the failure to obey a discovery order under Federal Rule of Civil Procedure 37(b)(2)(A). He listed the various sanctions provided by the rule and the considerations that the case law imposes, especially upon the most-severe sanctions of dismissal or default judgment. The magistrate judge

3

then considered Weinberger's conduct in continuing to make a blanket assertion of his Fifth Amendment privilege and refusing to provide any substantive responses even to the most routine questions. Finding such a blanket refusal to participate in the discovery process entirely unjustified and unjustifiable, Judge Rodovich believed that "it is apparent that Weinberger will continue to disregard the court's orders and will not respond to any discovery," and that the "ongoing refusal to comply demonstrates bad faith." DE 406 at 14. Then Judge Rodovich also noted that the Weinberger defendants had previously told the court that "they intended to supplement their discovery responses and would not uniformly assert the Fifth Amendment." *See* DE 406 at 9. But "[a]fter making this representation, Weinberger asserted the Fifth Amendment in response to every question Medical Assurance asked at his deposition, including general background questions and questions unrelated to his criminal proceedings." *Id.* Judge Rodovich concluded that default judgment against the Weinberger defendants was the only appropriate sanction, reasoning:

> The Weinberger defendants failed to cooperate with discovery, failed to abide by the court's orders, misrepresented to the court that they would supplement discovery responses, and have not justified their refusal to comply. It is evident that the Weinberger defendants will not cooperate and fulfill their obligations to respond to the discovery that is not shielded by the Fifth Amendment. The Weinberger defendants were warned that their failure to cooperate would lead to a more severe sanction. For these reasons, the court finds that no other sanction would cause the Weinberger defendants to comply, nor would any other sanction be proportional and remedy the Weinberger defendants' ongoing failure to supplement their responses and cooperate with their discovery. Weinberger has interfered with Medical Assurance's prosecution of its claim by citing inappropriate objections. If the Weinberger defendants will not fulfill their obligation and comply with discovery, the court is left with no choice but to deny the Weinberger defendants their right to continue defending this suit.

*Id.* at 16–17.

Judge Rodovich also considered whether the remaining defendants—the Indiana Patients

Compensation Fund ("PCF") and Weinberger's former patients who are pursuing malpractice claims against him—would be prejudiced by the entry of default judgment against Weinberger. Citing to an Indiana state court decision, *Araiza v. Chrysler Insurance Co.*, 699 N.E.2d 1162 (Ind. App. 1998), the magistrate judge concluded that an entry of default against the Weinberger defendants would "determine only the Weinberger defendants' interest in the policy" and would not prevent the PCF or the individual-patient defendants from continuing to "defend[] their interests in the insurance policy." DE 406 at 16.

C.      **The Parties' Objections**

The Thomas defendants, the PCF, the Weinberger defendants, and Medical Assurance each filed objections to the report and recommendation. Presuming that the default judgment sanction would have the effect of terminating Medical Assurance's duty to defend the Weinberger defendants, the Thomas defendants object that lesser sanctions would be available and that the proposed sanction would prejudice them more than Weinberger. They ask the Court to either modify the recommended sanction to clarify that the default judgment does not terminate the duty to defend or reject the recommendation and instead impose lesser sanctions.

The PCF raises similar objections. To the extent that the magistrate judge's report recommends sanctioning Weinberger with default judgment in a manner that does not prejudice the remaining defendants, the PCF asks the Court to modify the report and recommendation to resolve any inconsistencies and clarify that Medical Assurance is not relieved of its duty to defend the Weinberger defendants in the underlying state-court litigation. The PCF also suggests that "[o]ne way to avoid the procedural and practical issues" of a default judgment "would be to hold the Weinberger Defendants in default and reserve the entry of final judgment" until the

Court rules on the merits of the claims. To the extent that the default judgment recommended by the magistrate judge would terminate the duty to defend, however, the PCF asks the Court to reject the recommendation. In addition to the prejudice it would suffer if it had to take on the defense of the underlying litigation, the PCF argues that Medical Assurance does not need the discovery it requested and has manufactured this discovery dispute with Weinberger solely for the purpose of obtaining by sanction what it is unlikely to achieve on the merits.

The Weinberger defendants, for their part, object to the imposition of any sanctions. They make three basic arguments. First, like PCF, they argue that Medical Assurance did not believe it needed the requested discovery because it moved for summary judgment without waiting for discovery responses. Second, they argue that Medical Assurance's discovery requests were improper in the first place and inconsistent with the Seventh Circuit's opinion lifting the stay in this case in *Medical Assurance Co. v. Hellman*, 610 F.3d 371, 381 (7th Cir. 2010), because the discovery would prejudice Weinberger's defense of the underlying claims. Finally, they argue that Weinberger did nothing wrong in invoking the Fifth Amendment privilege against self-incrimination in response to Medical Assurance's discovery requests.

Medical Assurance on the other hand, "agrees with the vast majority" of the magistrate judge's reasoning but requests clarification or modification of three issues. First, it asks the Court to expressly state that the Weinberger defendants have waived any Fifth Amendment privilege. Second, it argues that the report should be modified to expressly state that Medical Assurance has no duty to defend or indemnify the Weinberger defendants. And third, it objects to the recommendation that the default judgment should not bind the other defendants and end the case.

## II. Analysis

### A.  Standard of Review

The Court reviews *de novo* a magistrate judge's report and recommendation on a dispositive matter and may—but is not required to—consider evidence that was not before the magistrate judge. *See* 28 U.S.C. § 363(b)(1); Fed. R. Civ. P. 72(b)(3); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("[T]his *de novo determination* is not the same as a *de novo hearing*. The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations."). Because the Weinberger defendants failed to comply with the Court's June 20, 2011, discovery order, the Court's authority to impose sanctions comes from Federal Rule of Civil Procedure 37(b)(2) as well as the Court's inherent power to manage its cases in an orderly fashion. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 47 (1991). Rule 37(b)(2)(A) provides a non-exclusive list of permissible sanctions, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defense, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

When determining which sanctions to employ, the Court considers, among other factors, "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of

these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003). "Sanctions may only be imposed where a party fails to comply with a discovery order and displays wilfulness, bad faith or fault." *Philips Medical Systems Internat'l, B.V. v. Bruetman*, 982 F.2d 211, 214 (7th Cir. 1992). Moreover, "[t]he sanction imposed must be proportional to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696–98 (7th Cir. 2009).

While dismissal and default judgment are within the Court's discretion, they are the most severe sanctions in the Court's arsenal and "should be used only in extreme situations, or when other less drastic sanctions have proven unavailing." *Sun v. Board of Trustees of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). In reviewing sanctions of dismissal, the Seventh Circuit has instructed that such extreme sanctions may be appropriate for Rule 37 violations when there is "a finding of willfulness, bad faith or fault, as long as [a district court] first considers and explains why lesser sanctions would be inappropriate." *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003); *see also Bruetman*, 982 F.2d at 214–15 (upholding sanction of default judgment upon showing of willful). Thus, the Court will not impose default judgment as a sanction unless it first finds willfulness or bad faith and determines that no other sanction would be appropriate.

**B.     Failure to Comply with Court Order**

The Court has little difficulty finding that the Weinberger defendants' actions in this case are willful and in bad faith. They are also egregious, including both active misrepresentation to the magistrate judge of their intent to file substantive discovery responses in a successful attempt to defend Medical Assurance's earlier motion for sanctions, as well as flagrant disregard for the Court's discovery order. While the Weinberger defendants now claim that their blanket refusal to

8

provide discovery was justified under the Fifth Amendment and that there is no way to obtain discovery from the entity defendants but through Dr. Weinberger, they made no attempt to justify their action at the time (which could have resulted in a modified order, if appropriate). They did not seek a protective order. Nor did they seek review of the magistrate judge's ruling on Medical Assurance's first motion for sanctions that the blanket assertion of the Fifth Amendment and the assertion of the privilege by the entity defendant were inappropriate. The Court concludes from the Weinberger entities' conduct in the case so far that its purpose in refusing discovery was to delay the litigation rather than to assert its constitutional privilege in good faith.

Thus, at this point in the litigation, the bad faith conduct that warrants sanction is not the initial assertion of the Fifth Amendment privilege but the blatant and inexcusable decision to disregard the rules of procedure and the Court's orders and impose their own stay on this case.[1] Morever, the blanket claim of privilege, even over routine questions concerning his education and background, was clearly inappropriate absent justification to the Court. *See United States v. Longstreet*, 567 F.3d 911, 922 (7th Cir. 2009) ("Fifth Amendment . . . . right must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer."); *see also Hoffman v. United States*, 341 U.S. 479, 486 (1951) ("The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself—his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified."); *Matter of Bon Voyage Travel Agency, Inc.*, 449 F.Supp. 250, 253 (N.D.

---

[1] The Court sees no reason to decide or declare, as Medical Assurance requests, that Dr. Weinberger has waived his Fifth Amendment privilege. Such a holding is unnecessary to resolve the matter of sanctions.

Ill. 1978) ("A blanket refusal to testify is unacceptable. A court must make a particularized inquiry, deciding, in connection with each specific area that the questioning party wishes to explore, whether or not the privilege is well founded." (quoting *United States v. Moreno*, 536 F.2d 1042, 1049 (5th Cir. 1976)). Dr. Weinberger certainly has a reasonable cause to assert the privilege and refuse *some* testimony in light of his ongoing criminal prosecution. But, to this day, the Weinberger entities have not provided a justification for the blanket claim of privilege even regarding questions that have no bearing on the criminal charges, or explained how questions relating solely to the alleged failure to cooperate would risk self-incriminating testimony.

**C.    Availability of Lesser Sanctions**

Whether lesser sanctions would be inappropriate or prove unavailing, however, is not so clear. The matter would perhaps be easier if the Weinberger defendants were the only defendants with an interest in the resolution of this case. Were that the case, default judgment would solve the problem by ending the litigation and granting Medical Assurance the relief it requests in the form of a declaratory judgment that it has no duty to defend or indemnify the Weinberger defendants in the state malpractice litigation.

The matter is complicated, however, by the existence of other defendants—the PCF and the plaintiffs in the underlying malpractice—who would be severely and unjustifiably prejudiced were the Court to terminate the litigation and rule in Medical Assurance's favor; another factor in the *Rice* analysis. Such a prejudicial result was hardly what the magistrate judge intended. Before recommending the sanction of default judgment, Judge Rodovich satisfied himself that a declaratory judgment solely against the Weinberger defendants that Medical Assurance had no duty to indemnify would not prevent the PCF or the other defendants from defending this case

10

until the end.[2] The Court agrees that the prejudice to the remaining defendants must be considered in awarding sanctions, and that if a default judgment were to bind the PCF and the other defendants, it would surely outweigh any prejudice that Medical Assurance would suffer in having to prove its case. *See Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995) (affirming denial of default declaratory judgment to insurer where underlying plaintiff intervened, stating that an insurer "can hardly be said to be prejudiced by having to prove a lawsuit that it chose to initiate.").[3]

Given the presence of these other defendants, what should be the goal of the sanctions? It

---

[2] While the various objections seek clarification of whether the recommended sanction would terminate Medical Assurance's duty to *defend* the Weinberger defendants in the underlying litigation, it is clear to the Court that this was not the magistrate judge's intent. Such a result would severely prejudice the PCF, which would almost certainly need to pick up that defense in its own interest, and also prejudice the remaining malpractice plaintiffs to a lesser extent, and the magistrate judge recommended a sanction of default judgment only on the premise that it would in no way prejudice other defendants. The Court agrees that a default judgment would plainly be inappropriate if, as Medical Assurance argues, that judgment ended the case and bound all defendants. Indeed, since Medical Assurance's primary objection to the magistrate judge's recommendation consists of an attack on what was obviously a necessary premise of the recommended sanction, the Court might be content to let that sword cut both ways and deny a dispositive sanction just in case Medical Assurance is correct.

[3] The Court also acknowledges that the case Judge Rodovich relied on, *Araiza v. Chrysler Ins. Co.*, 699 N.E.2d 1162, 1163 (Ct. App. Ind. 1998), holds that when an insured defaults in a declaratory judgment action against an insurer, an injured party seeking recovery against the insured person may continue to present facts and argument that the insured could have presented. Given the extreme prejudice to the other defendants if the default judgment does bind them, however, the Court is reluctant to place much weight on *Araiza*, which is hardly black letter law: the Indiana Supreme Court has not ruled on this issue and no other court's have cited *Arazia* for this proposition. *See American Standard Ins. Co. of Wisc. v. Rogers*, 123 F. Supp. 2d 461, 467 (S.D. Ind. 2000) (hesitating to rely on *Araiza* when weighing the effect of a default judgment in a declaratory judgment action). Given that the Court ultimately concludes that a sanction of default is more appropriate, however, it need not determine whether *Arazia* is settled Indiana law. Moreover, *Araiza* nowhere suggests that entering default judgment, as opposed to default, was procedurally preferably or even appropriate.

is obviously not to resolve the litigation, for Medical Assurance will have to continue litigating this case on the merits regardless of the sanction the Court chooses. The magistrate judge thought that the goal should be to compel compliance with the Court's discovery order, and that no lesser sanction could achieve that end. But default judgment would not attain that result either: certainly, the imminent threat of default judgment has not caused the Weinberger defendants to reconsider their intransigence and the Court has no reason to think that its entry would either. Rather than compel compliance, the Court believes that the proper goals of sanctions in this case are first (and most important) to remove the Weinberger defendants as an obstacle to the resolution of this case on the merits, and second to punish the Weinberger defendants for their refusal to obey the Court's discovery order.

With these two goals in mind, the Court believes that sanctions short of default judgment are sufficient and thus that it would not be appropriate to grant the most extreme remedy. The Court can achieve both goals just as effectively by entering a *default* against the Weinberger defendants without going so far as to render a *judgment*. Like a default judgment, a sanction of default would prevent the Weinberger defendants from participating in the case in any way by treating them as if they had never appeared at all, and would also be consistent with other enumerated sanctions, such as "prohibiting the disobedient party from supporting or opposing designated claims or defense, or from introducing designated matters in evidence," Fed. R. Civ. P. 37(b)(2)(A)(ii), and "striking pleadings in whole or in part," *id.* R. 37(b)(2)(A)(iii). Importantly, it would also be more consistent with the Supreme Court's directive, well over a century ago:

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a

> formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike-the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

*Frow v. De La Vega*, 82 U.S. 552, 554, 21 L. Ed. 60 (1872); *see also Home Ins. Co. of Illinois v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998) (citing *Frow* for the rule that "[i]n a suit against multiple defendants a default judgment should not be entered against one until the matter has been resolved as to all."); *Loyless v. Oliveira*, 1:09-CV-239, 2011 WL 3703535 at n.2 (E.D. Tenn. Aug. 23, 2011) ("When default is entered against one of multiple defendants in a case, the preferred practice is to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants.").

Federal Rule of Civil Procedure 37(b)(2)(C) also requires the Court to order that the Weinberger defendants, their attorney, or both pay the reasonable expenses, including attorney's fees caused by the failure to comply with the Court's discovery orders.

Finally, the Court recognizes that Dr. Weinberger has now entered a guilty plea in his criminal case and represents that he will provide substantive discovery responses after he is sentenced in October. This representation does not justify relief from the sanctions deservedly recommended by the magistrate judge and imposed (as modified) in this order. The delay caused by this dispute has already been considerable and an additional two-and-a-half months would further prejudice Medical Assurance. And it doesn't make up for the repeated bad faith misuse of the Fifth Amendment privilege throughout this litigation. Moreover, the Weinberger defendants

have already misrepresented their intent to provide discovery responses once before, and the Court has no inclination to take them at their word this time. Finally, the Court notes that Judge Simon has not yet accepted Dr. Weinberger's plea agreement, and that there is therefore a possibility that the criminal proceedings will not be complete in October.

### III. Conclusion

For the foregoing reasons, the Court **ADOPTS** the magistrate judge's Report & Recommendation **AS MODIFIED**, and **GRANTS IN PART** Medical Assurance's motion for sanctions and **DIRECTS ENTRY OF DEFAULT** against Defendants Mark S. Weinberger, M.D., Mark S. Weinberger, M.D., P.C., The Nose and Sinus Center, LLC, The Merrillville Center for Advanced Surgery, LLC, and Subspecialty Centers of America, LLC, but **DENIES** the request for a sanction of default judgment. Further, the Court **ORDERS** the Weinberger defendants to pay the reasonable expenses, including attorney's fees, caused by their failure to comply with the Court's discovery orders. Finally, in light of the entry of default against the Weinberger defendants, the Court **DISMISSES** the Motion for Sanctions [DE 410] and any other pending motions filed by the Weinberger defendants.

SO ORDERED.

ENTERED:   September 12, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court