IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| THE MEDICAL ASSURANCE COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cause No. 4:06-cv-0117 |
| MARK S. WEINBERGER, M.D., et al., | ) ) ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on the Motion to Strike Medical Assurance's Supplement to Renewed Motion for Discovery Sanctions [DE 404] filed by Stephen W. Robertson, Commissioner of the Indiana Department of Insurance and Administrator of the Patient Compensation's Fund (PCF) on April 18, 2012; the Motion to Correct Appendix Filed in Support of Objection [DE 415] filed by PCF on May 8, 2012; the Motion to Reconsider the Court's Order of April 25, 2012 as to the Appointment of the Special Master [DE 420] filed by Medical Assurance, PCF, the Weinberger Defendants, and the Verhoeve Defendants on May 18, 2012; and the Motion for Status Conference [DE 491] filed by the Verhoeve Defendants on August 22, 2012.

In the Motion to Strike Medical Assurance's Supplement to Renewed Motion for Discovery Sanctions, PCF asks for leave to supplement its motion for sanctions, which the court already has ruled on. For this reason, this motion is **DENIED AS MOOT.**

Similarly, the Motion to Correct Appendix Filed in Support of Objection requests leave

to amend an exhibit PCF included in its appendix filed in support of its objection to the magistrate judge's report and recommendation on the motion for sanctions. The district court issued its Opinion and Order on the report and recommendation on September 15, 2012. This motion also is **DENIED AS MOOT.**

The parties also requested a status conference. However, the motion does not explain the proposed agenda for the status conference. For this reason, the Motion for Status Conference [DE 491] is **DENIED WITHOUT PREJUDICE**. The parties may re-file their motion with a proposed agenda.

For the following reasons, the Motion to Reconsider the Court's Order of April 25, 2012 as to the Appointment of the Special Master [DE 420] is **DENIED.**

Background

On January 6, 2012, the defendant, PCF, filed a motion to appoint a special master to oversee settlement negotiations and proposed John Van Winkle as special master. The Thomas defendants did not agree with the appointment of a special master, but they agreed to Van Winkle if the court chose to appoint a special master over its objection. The Verhoeve defendants agreed to have a special master appointed, but they opposed Van Winkle without stating a reason. On April 26, 2012, the court granted the motion for a special master and appointed Van Winkle.

On May 18, 2012, the Verhoeve defendants filed the present motion to reconsider the appointment of John Van Winkle, and have asked the court to appoint Thomas Lemon as special master. All parties agree to Lemon except the Thomas defendants.

Discussion

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." **Hope v. United States**, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). *See also* **Talano v. Northwestern Medical Faculty Foundation, Inc.**, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." **Ahmed v. Ashcroft**, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted); *see also* **U.S. v. Ligas**, 549 F.3d 497, 501 (7th Cir. 2008)("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it."). In **Frietsch v. Refco, Inc.**, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828. *See also* **Oto v. Metropolitan Life Insurance Company,** 224 F.3d 601, 606 (7th Cir. 2000)("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); **Divane v. Krull Electric Company**, 194 F.3d 845, 850 (7th Cir. 1999); **LB Credit Corporation v. Resolution Trust Corporation**, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." **Global View Ltd. Venture Capital v. Great Central Basin Exploration**, 288 F. Supp.2d 482, 483 (S.D.N.Y. 2003)(internal quotation omitted).

The standard by which the court reviews a motion to reconsider is not whether more

parties agree with one position than the other.  The court must look to see whether it overlooked an aspect of the case or whether there has been a change of law.   The moving parties have pointed to no such error.  For this reason, the motion for reconsideration is **DENIED.**

ENTERED this 15th day of October, 2012

/s/ Andrew P. Rodovich
United States Magistrate Judge