| | | |
|---|---|---|
| THE MEDICAL ASSURANCE COMPANY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 4:06-CV-117 JD |
| | ) | |
| MARK S. WEINBERGER, M.D., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## Opinion and Order

Before the Court are certain Defendants' Motions for Review [DE 416, 417] of

Magistrate Judge Andrew P. Rodovich's April 26, 2012, order denying the Motion to Stay or in

the Alternative to File Documents in Camera by Stephen Robinson, Commissioner of the Indiana

Patient's Compensation Fund (the "PCF"). *See* DE 371. Both the Weinberger defendants—Dr.

Mark S. Weinberger and related entities—and the PCF have objected to the order, but because

the Weinberger defendants are now in default, their motion for review has been dismissed and

the Court will consider only the PCF's motion. The motion is ripe, and for the following reasons,

the Court DENIES the motion for review.

## I. Background

The premise of this lawsuit is simple, although its procedural history is complex. Medical

Assurance seeks a declaratory judgment that it does not owe a duty to defend or indemnify the

Weinberger defendants in more than 350 medical malpractice suits pending (or already resolved)

in Indiana state court. The basis for the claim is that Dr. Weinberger has not participated in the

defense of those cases, as required by the insurance contract. Since the outset, the PCF has

sought to have this case stayed until the underlying malpractice litigation is complete. It's

previous attempt succeeded initially in the district court, where Judge Allen Sharp concluded

that a stay was appropriate because Medical Assurance would not be able to show actual

prejudice without interfering with the state court proceeding. But the Seventh Circuit lifted that

stay, reasoning that it was too early in the litigation to determine whether and to what extent the

declaratory judgment action would interfere with the state court cases, and noting that it could

"imagine ways in which Medical Assurance might try to establish actual prejudice that would

unacceptably intrude on the state cases, but other ways might not run the risk." *Medical*

*Assurance Co. v. Hellman*, 610 F.3d 371, 381 (7th Cir. 2010).

Now that the case has proceeded some and Medical Assurance has clarified its position in

a motion for summary judgment, the PCF once again seeks a stay.[1]  In its summary judgment

motion,[2] Medical Assurance argues that by fleeing the country, failing to participate in his

defense, and then asserting his Fifth Amendment right against self-incrimination to refuse to

respond to discovery requests or give deposition testimony, Weinberger has prejudiced Medical

Assurance's defense in the underlying suits in five ways: (1) his refusal to participate in

discovery has resulted in sanctions in state court preventing Weinberger from testifying in any of

the trials; (2) because Weinberger has refused to participate in his defense and provide

information regarding his thought processes, evaluations, and diagnoses, no meaningful defense

of his claims has been possible; (3) without Weinberger's cooperation, meaningful arms-length

[1]Technically, PCF has limited its request to any proceedings on the issue of whether Medical Assurance suffered prejudice, but given that the issue of prejudice appears to be the central dispute, granting its request would amount to a stay of the entire case.

[2]The Court has dismissed the summary judgment motion with leave to refile once discovery disputes are resolved and a reasonable briefing schedule may be set.

settlement negotiations with plaintiffs have been impossible; (4) Weinberger's refusal to

cooperate has made Medical Assurance's defense more costly because it has had to hire experts

to determine what Weinberger did and why; and (5) Medical Assurance has "irretrievably lost"

the opportunity to determine whether some of the claims are excluded from the policy due to

criminal behavior, fraudulent billing, or fraudulent consents. *See* DE 169 at 5–7.  In light of these

arguments, the PCF argues that a stay is appropriate at this point because Medical Assurance has

elected to demonstrate prejudice in a manner that will interfere with the state suits. Moreover,

the PCF itself wishes to pursue a defense in this case—that Medical Assurance cannot show

prejudice because the malpractice cases are indefensible—that would be inconsistent with the

position it would take if Medical Assurance is eventually successful in this case and the PCF

assumes Weinberger's defense in the underlying cases.

## II.  Analysis

When reviewing a magistrate judge's order on a non-dispositive matter, a district court

must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Weeks v. Samsung Heavy Indust. Co.*,

126 F.3d 926, 943 (7th Cir. 1997).  "Clear error is an extremely deferential standard of review,

and will only be found to exist where the 'reviewing court on the entire evidence is left with the

definite and firm conviction that a mistake has been committed.'"  *Pinkston v. Madry*, 440 F.3d

879, 888 (7th Cir. 2006) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). As

detailed below, the Court finds no error in Judge Rodovich's commendable opinion: it correctly

states the law and applies it to the facts of this case. A stay is not appropriate in this case.

To begin with, Judge Rodovich correctly stated the law regarding the appropriateness of

a stay in declaratory judgment proceedings when there are related state court cases pending. As the Seventh Circuit clarified in this very case, the question the Court must answer is not simply whether there are related, or even "parallel" proceedings in state court, nor whether there is overlap between the factual issues in the federal and state cases, but rather "'how real [is the] prospect' that 'the declaratory action may present factual questions that the state court has also been asked to decide.'" *Hellman*, 610 F.3d at 379 (quoting *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995). This is a broad inquiry, in which "the federal court should consider (among other matters) whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will service the useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time." *Nationwide Ins.*, 52 F.3d at 692.

The PCF objects, however, that although Judge Rodovich cited the correct standard, he in fact applied a different standard and focused on whether the two cases presented the same *legal* issues—whether Medical Assurance has suffered prejudice—rather than whether there are overlapping *factual* issues. The PCF elaborates that in one of the already decided state cases, *Weinberger v. Boyer*, 956 N.E.2d 1095 (Ind. Ct. App. 2011), the trial court admitted evidence related to Weinberger's flight—which is central to the federal case and some of which originated in discovery in this case—as evidence of his consciousness of guilt and his abandonment of the patient. *See* DE 417 at 10. The PCF adds that two of Medical Assurance's other bases for prejudice would involve overlapping factual issues in state court. First, the PCF claims that

4

whether Medical Assurance has been unable to determine coverage defenses, such as fraudulent

billing practices or fraudulent consents, overlaps with state law claims that Weinberger

performed unnecessary surgeries, billed for surgeries not actually performed, and performed

surgeries without informed consent. Second, the PCF claims that the issue of whether

Weinberger's lack of cooperation impeded Medical Assurance's ability to investigate, evaluate,

defend, or settle the state law claims overlaps with the central issue in the underlying cases of

whether Weinberger breached the applicable standard of care.

The Court disagrees that Judge Rodovich applied the wrong standard of review. Whether

Medical Assurance can show "actual prejudice" is an element of its declaratory judgment claim

with both legal and factual elements, neither of which are duplicated in the state court litigation.

To wit, the prejudice actually suffered by Medical Assurance is a factual issue, whereas whether

that prejudice suffices under Indiana law to relieve Medical Assurance of its duty to defend is a

legal issue. The *legal* issue, as the PCF acknowledges, is not at play in the state court. Nor are

the factual issues the same, such that a decision by this Court would bind the state court or in any

way limit its decision to render its own decision on the factual (or legal) issues before it. As

Judge Rodovich explained: "Medical Assurance has not presented any questions that, if decided

by this court, would interfere with decisions the state courts must make." DE 408 at 16. This was

correct and, in fact, simply a restatement of the standard set out by the Seventh Circuit, that

Medical Assurance could proceed with this case if it could do so "without interfering with the

state processes." *Hellman*, 610 F.3d at 381.

That is not to say there is *no* factual overlap between the federal and state cases—after

all, they both arise from the same series of events. Some of the overlap is not at the level of the

factual *issues* that need be decided by each court but at the level of the *evidence* that might establish those issues. For example, Weinberger's flight from the country—a predicate factual premise that seems beyond dispute at this point—is evidence both of his complete refusal to cooperate (the issue in federal court) and his consciousness of guilt (the issue in state court). But the mere fact that the same evidence may be relevant to both issues does not mean that this Court's decision on the former issue will have any impact of the latter. For example, the PCF complains that in *Gill v. Weinberger, et al.*, a video-taped deposition from this case was admitted into evidence against Weinberger in that case. The PCF does not explain how the mere use of this evidence—which, according to Medical Assurance's motion for sanctions against Weinberger was nothing more than a refusal to provide any substantive responses—in state court amounts to the sort of interference that would warrant a stay in this case.[3] Beyond that, the PCF has directed the Court to no other concrete examples of ways in which this litigation has actually interfered with the underlying malpractice litigation. The PCF obviously need not wait until its prospective interests in the underlying litigation have been prejudiced to argue that it is likely that those interests will be prejudiced going forward. But the apparent lack of interference thus far does nothing to advance the PCF's argument that a stay on ongoing discovery on the issue of Medical Assurance's prejudice in this case is necessary to avoid disrupting the underlying litigation.

Other overlaps have the potential to require greater incursions into issues confronting the state courts. The PCF correctly identifies three factual overlaps, but the Court finds that none of

---

[3]The PCF unsuccessfully sought a protective order in this Court to prevent the use of the video deposition in state court. The PCF did not seek review of the magistrate judge's order in that instance.

them justify an indefinite stay in these proceedings. First, Medical Assurance claims that it suffered actual prejudice because it "irretrievably lost" the opportunity to assert coverage defenses due to fraudulent billing and fraudulently obtained consents for unnecessary surgeries. It is difficult to see how Medical Assurance will prove that Weinberger's failure to cooperate caused this particular prejudice without delving into the question of whether Weinberger did in fact defraud his patients, which is a factual question that has been and will be before the state court. So as it relates to still-pending malpractice claims, there is a real risk that the investigation and resolution of factual issues relating to Weinberger's fraudulent behavior will interfere with the state court process. But some cases, such as *Boyer*, have already been resolved, so it would be impossible to interfere with those cases at this point. Thus, a determination that Medical Assurance lost an opportunity to pursue fraud-related coverage defenses in that case, and is thus prejudiced by Weinberger's refusal to cooperate, would not interfere with any of the other, ongoing state court litigation. And, as the Seventh Circuit has suggested, facts from a few cases could (perhaps) be extrapolated to demonstrate prospective prejudice in remaining cases, without any need to delve into factual issues in as-yet-unresolved malpractice claims. Because Medical Assurance may proceed on this theory, albeit in a limited fashion, any potential interference with ongoing state claims can be mitigated by strict limits on what Medical Assurance is permitted to discover and argue. Therefore, this potential intrusion on state law claims does not justify staying all proceedings related to the prejudice element.

Second, broadly speaking, Medical Assurance's claims that Weinberger's lack of cooperation prevented it from investigating, evaluating, defending, or settling the malpractice claims, and that it is prejudiced because it has not and will not be able to call Weinberger to

testify in his own defense, potentially overlap with state court determination regarding the breach of the applicable standard of care. For example, investigation into what defenses may be available or what Weinberger might say on the stand are central questions in the underlying litigation.  Such potential overlap has led many courts to suggest that declaratory judgments on cooperation clauses are often difficult to decide before the resolution of the underlying litigation. *See State Farm Mut. Auto. Ins. Co. v. Walker,* 382 F.2d 548, 551 (7th Cir. 1967) ("[A]n insurer is not prejudiced unless the breach will produce a judgment less favorable to it in the tort suit. . . . This inherent uncertainty has prompted courts to postpone or deny declaratory relief when the underlying tort action is pending."); *Med. Assur. Co., Inc. v. Miller*, 779 F. Supp. 2d 902, 920 (N.D. Ind. 2011) ("Indiana courts are generally wary of granting summary judgment on the issue of prejudice before the conclusion of the underlying tort suit in light of the Seventh Circuit's holding in Walker . . . ."); *Cincinnati Ins. Co. v. Irvin*, 19 F. Supp. 2d 906, 915 (S.D. Ind. 1998) (Hamilton, J.) (collecting cases "illustrat[ing] the difficulty in determining whether, as a matter of law, the absence of the insured caused prejudice, espcially before the trial in the underlying tort action").

Nonetheless, it is possible for Medical Assurance to proceed in this case in a manner that does not interfere with the state court litigation, and it would thus be more appropriate at this juncture to limit the way this issue is investigated, argued, and resolved, if necessary than to stay the entire proceeding. For one, if Medical Assurance's argument is (as the magistrate judge indicated) simply that Weinberger's lack of cooperation caused prejudice in the form of increased expenses investigating and defending the state cases—a theory which may or may not have any validity under Indiana law—then there is no reason the resolution of that question

would require an incursion deep into the underlying factual issues. Likewise, if Medical

Assurance's claim is that Weinberger's unwillingness to testify *automatically* creates actual

prejudice, its claim is perhaps unlikely to survive long—see *Cincinnati Ins. Co.*, 19 F. Supp. 2d

at 915 ("Where the alleged failure to cooperate is the insured's absence from trial, however, the

better reasoned view is that the absence ordinarily cannot be deemed prejudicial as a matter of

law.")—but it will not require interfering with the state court litigation. Moreover, as with the

fraud issue, it remains possible that Medical Assurance may be able to demonstrate prejudice in

its investigation, defense, or settlement of cases that have already been decided (eliminating the

possibility of interference) and that from these cases, conclusions regarding prospective

prejudice may be extrapolated.

Third, the PCF's apparent desire to defeat Medical Assurance's prejudice argument by

proving that the underlying state law claims are indefensible does not warrant a stay of this

action. To begin, if the Court can decide the issue of prejudice based solely on the cases that

have already been decided, the PCF's defense will also be limited to demonstrating that the cases

that have already been decided were indefensible. Considering the arguments that Medical

Assurance has actually raised, which do not require an in depth review of the pending state

cases, the Court does not believe that the PCF will be prejudiced by limits on its ability to

demonstrate that still-pending cases are indefensible.  Next, given the conflicting incentives here

and in the state court (not to mention the fact that Weinberger himself—the actual defendant in

the state cases—is no longer able to present a defense in this case at all), the Court finds it

extraordinarily unlikely that any finding by this Court relative to whether the state law claims are

indefensible could be used offensively as collateral estoppel in state court. *See Tofnay v. NBS*

*Imaging Systems, Inc.*, 616 N.E.2d, 1034, 1038 (Ind. 1993) (listing considerations for offensive collateral estoppel, including defendant's incentive and ability to defend the prior action).

Moreover, the PCF's "indefensible" argument is really just another way of arguing that Medical Assurance cannot show prejudice in the underlying case, which goes to the merits of the declaratory judgment action. As noted above, the "actual prejudice" requirement in Indiana makes it difficult to resolve coverage disputes before resolving the merits of underlying cases. If it were true that a dispute over whether an underlying case is defensible prevented declaratory judgment on cooperation-clause disputes, it would make it virtually impossible for an insurer to prevail before the end of the underlying case. As the Seventh Circuit has ruled in this case, however, it is not impossible to show prejudice prospectively. If Medical Assurance cannot demonstrate that it's defense of Weinberger has been prejudiced, it will not be able to prevail on summary judgment. But at this stage, given the ongoing discovery and the dismissal of the summary judgment motion, it is still too early to tell whether Medical Assurance will be able to demonstrate prejudice prospectively. Whether or not summary judgment based on particular arguments would interfere with the underlying litigation may be addressed in summary judgment briefing. A stay is not necessary. When Medical Assurance does move for summary judgment, the Court will not resolve the issue unless it can determine whether Medical Assurance has been prejudiced without resolving an issue that is or will be before the state court in the underlying litigation.

Finally, the PCF also objects that the magistrate judge did not consider its alternative request for permission to file documents *in camera*. It is true that the opinion did not specifically discuss this request, perhaps because the motion for summary judgment to which the request

related was dismissed on March 27, 2012. *See* DE 399. Furthermore, Judge Rodovich was able to resolve the motion for a stay without needing to review the proffered documents. The Court reiterates that if the PCF has *specific* concerns about particular discovery, it may bring those concerns to the Court's attentions either through routine motions for protective orders under Rule 26(c), or in summary judgment briefing. A stay of the case or a broad permission to flood the Court with information *in camera* is not appropriate at this stage.

### III. Conclusion

For the foregoing reasons, the Court finds no clear error in the magistrate judge's determination of developments in this case and the underlying litigation has not demonstrated that a stay is warranted at this point on the issue of prejudice. The Motion for Review [DE 417] of Judge Rodovich's Opinion and Order Denying the Motion to Stay by Defendant Stephen Robinson, Commissioner of the Indiana Patient's Compensation Fund, is therefore **DENIED**.

SO ORDERED.

ENTERED:   October 17, 2012

 /s/ JON E. DEGUILIO
Judge
United States District Court