IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THE MEDICAL ASSURANCE COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 4:06-CV-00117-JD-APR |
| ) | |
| MARK S. WEINBERGER, M.D., et al. ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

This matter is before the court on the Motion to Compel [DE 623] filed by the defendant, Indiana Patient's Compensation Fund, on May 7, 2014, and the Motion to Strike Or For a Protective Order [DE 637] filed by the plaintiff, The Medical Assurance Co., Inc., on June 3, 2014. For the following reasons, the Motion to Compel [DE 623] is **DENIED,** and the Motion to Strike Or For a Protective Order [DE 637] is **GRANTED.**

*Background*

The plaintiff, The Medical Assurance Company, Inc., seeks a declaration from the court that it does not owe coverage to the Weinberger defendants with regard to medical malpractice claims asserted against the Weinberger defendants. Medical Assurance claims that the Weinberger defendants did not cooperate in their defense as required by the terms of the insurance policy. Because the Indiana Patient's Compensation Fund (PCF) would become liable for any medical malpractice judgments that an insurer fails to pay, Medical Assurance named PCF as a defendant, and PCF filed a counterclaim seeking a declaration that Medical Assurance was liable under the policy limits.

On November 8, 2010, PCF served Interrogatories and Requests for Production on

1

Medical Assurance, asking in part that Medical Assurance produce documents reflecting communications between Medical Assurance and the Weinberger defendants. In response, Medical Assurance raised the attorney-client and work product privileges to withhold certain documents from production. Medical Assurance produced its objection log on February 28, 2011, and supplemented it on June 8, 2011. Medical Assurance has not supplemented its response since, and PCF now asks the court to compel Medical Assurance to do so, so that its responses and objection log reflects communications since February 21, 2011, including those related to the global settlements.

Medical Assurance responded and filed a motion to strike on June 3, 2014. Medical Assurance explains that PCF has reached a global settlement agreement with all of the malpractice defendants and therefore lacks standing because although Medical Assurance's liability is not fixed, the malpractice defendants cannot demand additional compensation from PCF. The court previously denied Medical Assurance's motion to dismiss PCF because some of the settlements were not yet completed and were pending approval by some of the claimants' bankruptcy and probate estates.

Following its motion, Medical Assurance filed a stipulation to dismiss all of the Thomas defendants and a motion for a pre-trial conference to address the one pending Verhoeve defendant's claim. Medical Assurance again moved to dismiss PCF. These motions remain pending.

*Discussion*

PCF moves to compel Medical Assurance to supplement its discovery responses. Federal Rule of Civil Procedure 26(e) states:

(1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(B) as ordered by the court.

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." **Federal Rule of Civil Procedure 26(b)(1).** For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002)(quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Borom v. Town of Merrillville*, 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (citing *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003)); *see also Adams v. Target*, 2001 WL 987853, *1 (S.D. Ind. July 30, 2001)("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); *Shapo v. Engle*, 2001 WL 629303, *2 (N.D. Ill. May 25, 2001)("Discovery is a search for the truth."). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses**. Federal Rule of Civil Procedure 37(a)(2)-(3).** The burden "rests upon the objecting party to show why a particular discovery request is improper." *Gregg v. Local 305*

3

*Ibew*, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(citing ***Kodish v. Oakbrook Terrace Fire Protection Dist***., 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); ***McGrath v. Everest Nat. Ins. Co***., 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009)(internal citations omitted); ***Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services***, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)(internal citations omitted). The objecting party must show with specificity that the request is improper. ***Cunningham v. Smithkline Beecham***, 255 F.R.D. 474, 478 (N.D. Ind. 2009)(citing ***Graham v. Casey's General Stores***, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." ***Cunningham***, 255 F.R.D. at 478 (citing ***Burkybile v. Mitsubishi Motors Corp***., 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006))(internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." ***Berning v. UAW Local 2209,*** 242 F.R.D. 510, 512 (N.D. Ind. 2007)(examining ***Patterson v. Avery Dennison Corp.***, 281 F.3d 676, 681 (7th Cir. 2002))(internal quotations and citations omitted). *See also,* ***Hunt v. DaVita, Inc***., 680 F.3d 775, 780 (7th Cir. 2012)(explaining that the district court has broad discretion in supervising discovery).

Medical Assurance objects to supplementing its discovery responses on several grounds. First, Medical Assurance argues that PCF lacks standing. Medical Assurance previously filed a motion to dismiss PCF because it lacked standing. In its motion, Medical Assurance explained that PCF reached a global settlement agreement with the malpractice claimants that would settle

4

any claims the claimants may have had against it. Although the extent of Medical Assurance's liability remained in question, no party would be able to seek additional payments from PCF once the settlements were complete. On June 10, 2014, the district court denied Medical Assurance's motion to dismiss PCF, explaining that some of the settlements had not been completed and that many had bankruptcy or probate estates open that required court approval of the settlement agreement. Following the district court's order denying Medical Assurance's motion to dismiss, Medical Assurance filed a stipulation to dismiss all Thomas defendants and a motion to set a status conference to address the only outstanding Verhoeve defendant's claim. Because of these changes, Medical Assurance once more moved to dismiss PCF.

In light of the resolution of many of the claims and the possibility that PCF may be imminently dismissed or later dismissed upon approval of the one pending Verhoeve claim, the court finds that it would be overly burdensome to require Medical Assurance to supplement its discovery responses at this time. Medical Assurance informed the court that it would have to sift through thousands of documents at an estimated cost of $50,000. The court does not find it necessary to subject Medical Assurance to such an expense given the current status of the case. If PCF is not ultimately dismissed, it may later renew its motion.

ENTERED this 18th day of August, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge